## SUPREME COURT.

### Howe agt. Peckham.

The 167th section of the Code does not authorize the *severing* of a single cause of action.

*It seems*, that the legislature in using the term ''several causes of action'' in this section, must have had reference to the causes of action as they were then founded, limited and defined by the common law.

Where the plaintiff sued the defendant in an action for *negligence* in allowing the defendant's team to run away, by which the plaintiff's horse and wagon were run over, and his wagon broken, the horse damaged and the plaintiff personally injured; on demurrer to the complaint for uniting different causes of action, to wit: injuries to the person and injuries to the property as classed by § 167, *held* that *negligence* was the *ground* of the action; and the damages both to the plaintiff's person and his property resulted from the alleged negligence; and was but one act and constituted but one cause of action.

*Special Term, October* 1851. *Demurrer to Complaint.* The complaint alleged that the plaintiff was driving along the highway, in a one-horse wagon; that a short distance behind the plaintiff a person was driving a team, drawing a two-horse wagon and travelling in the same direction the plaintiff was; that a short distance behind this person, was the defendant's team, drawing a two-horse sled, and travelling in the same direction. That the defendant carelessly and negligently left his team to go along the said highway without any driver, and went and got into the wagon with said person, so driving between the plaintiff and defendant's team, and rode with said person; and that said team of defendant being so left, started into a run, and run over the plaintiff, his horse and wagon; injured the plaintiff's person, broke the wagon and harness, and damaged the horse. The complaint, at the conclusion of the statement of the cause of action, averred that the injuries were occasioned by the "*gross and wilful carelessness and negligence of defendant.*"

A. N. SHELDON, for the defendant. The complaint is drawn in violation of the 167th section of the Code. It contains two distinct and separate causes of action within the meaning of this section, to wit: injuries to *the person* and injuries to *the property* of the plaintiff (*Monell's Practice*, 46 to 48).

Before the Code, actions were distinguished by their form; now the forms of actions are abolished (*Code,* § 60). But while the Code has abolished these forms of actions, it has created, or preserved in fact, a distinction in one respect as to the forms of actions, and that is as to the *joinder of causes of action*; and these different divisions, made by the section in question can not be joined any more than could assumpsit and trespass heretofore. As to this point, the rule is still in force, that, " it is no matter that the causes of action relate to the same subject matter or require the same evidence to support them" (21 *Wen. R.* 29). And again, the complaint claims damages upon both of these causes of action, and they should have been separately stated (4 *How. Pr. R.* 226).

H. C. GOODWIN and J. P. WHITTEMORE, for the plaintiff. The complaint contains but one cause of action, which is properly stated (14 *Johns.* 433; 10 *Wend.* 324; 1 *Chitty's Pl.* 128–26; 25 *Eng. Com. Law,* 52). Negligence is of itself the subject of an action (10 *Bing.* 112).

Where a plaintiff sues for negligence he can set forth in the complaint and recover for all the damages that are the result of the negligence complained of (3 *Barb. Sup. C. R.* 48). ·

The complaint is good under the Code; negligence is the subject of an action (*Code,* § 69; 4 *How. Pr. R.* 228).

If a single count under the old system had contained all that is contained in this complaint, it would have been good. The rule applicable to a single count applies to a complaint (10 *Bing.* 112; 25 *Eng. Com. L.* 50; 5 *Barb.* 337; 4 *B. & C.* 223; 5 *Car. & P.* 190). The complaint does not charge the defendant with committing the act wilfully.

MASON, Justice.—There is no doubt in my mind in this case but that the complaint states a cause of action in case, or what would have been an action upon the case under the former system of pleading and upon the principles of the common law. It is a complaint in which the plaintiff has made the negligence of the defendant the ground of action, and in which the damages

Howe agt. Peckham.

both to the plaintiff's person and his property are claimed as a consequence of the negligence, or as resulting from the negligence complained of.

This was a familiar mode of declaring under our former system, for the rule is well settled by a long series of adjudications, both in England and in this country, that in this class of cases if it appears that the injury was attributable to negligence, though it were immediate, the party injured has an election either to treat the negligence of the defendant as the cause of action and to declare in case, or to consider the act itself as the injury, and declare in trespass (Williams vs. Holland, 10 *Bing. R.* 112, 117; Blin vs. Campbell, 14 *J. R.* 433; Wilson vs. Smith, 10 *W. R.* 328; 1 *Chitty's Pl.* 127, 128).

And it should be borne in mind that where the injury resulted from the one negligent act of the party, as in the present case, that it constituted but one cause of action. The running against the plaintiff's carriage in the highway and breaking it, and upsetting the plaintiff and injuring him by the careless negligence of the defendant, never constituted but one cause of action, and in which the plaintiff recovered his damages as well for his personal injury as for the injury to his property. This is a salutary rule, for when an injury has resulted both to the person and the property of the plaintiff from one single act of negligence of the defendant the law ought not to be guilty of so great folly as to compel the plaintiff to sustain the burden and expense of two suits to recover his damages; and the courts which have been so fastidious to avoid circuity of action ought not to require it unless the innovating spirit of the legislature has required it by the passage of a statute which compels the courts thus to divide up claims for damages resulting from a single act. The defendant's counsel insists that the 167th section of the Code imposes this rule upon the courts. I feel constrained to say, however, after a most careful examination of this statute and the best deliberation which I have been able to bestow upon the case that I do not think that this statute has the effect which the counsel for defendant attributes to it. The section reads as follows: " The

Howe agt. Peckham.

plaintiff may unite several causes of action in the same complaint when they all arise out of, 1. Contract, express or implied. 2. Injuries with or without force to the person. 3. Injuries with or without force to the property," &c. &c., and then follows this provision: " But the causes of action so united must all belong to one only of these classes," &c. I do not discover any thing in this section which requires a plaintiff to sever a single cause of action. The demurrer in this cause is not well taken, in my opinion, for the reason that the plaintiff has not united several causes of action in the same complaint. He has only stated one cause of action. This section was never intended, it seems to me, to sever a cause of action like that set forth in the complaint. The legislature in using the term " *several causes of action*," in this section, must have had reference to the causes of action as they were then founded, limited and defined by the common law; for there was no other resort to ascertain what constituted a cause of action.

The rule is a familiar one that statutes are to be construed in reference to the principles of the common law in force at the time of their passage, for it is not to be presumed that the legislature intended to make any innovation upon the common law farther than the case absolutely required (4 *Kent. Com.* 464, 3d *ed.*) This 167th section instead of severing causes of action as they existed at the time of the passage of the statute, and thereby creating a multiplicity of suits was, I have no doubt, intended by the framers thereof to lessen suits and diminish their number by allowing the plaintiff to bring into the same suit and recover his damages for half a dozen, or any greater number of assaults and battery committed upon distinct and different occasions, and so for any other injury to the person, he may join in the same action with assault and battery.

But, again, the Code does not abolish in any manner the causes of action as they existed before the passage of that act, nor does the Code in any manner define what shall constitute a cause of action. It leaves all this matter as it was at common law or in equity before the Code was passed. It is true the 69th section

has abolished the forms of the action, but it leaves, as we have before said, the causes of action as they were; and the Code was never intended to trench upon their boundaries so far as the cause of action is concerned. The cause of action in case is as perfectly preserved under the Code, although the form of prosecuting the particular action is abolished, as it existed before the Code, or if it suits the individual of the code language any better we will say the form of the action upon the case is abolished, while the substance of the action in all its elements is most perfectly retained.

If I am right in the opinion above expressed, it follows that the plaintiff must have judgment upon the demurrer and which I hereby order to be entered, with leave to the defendant to answer the complaint on payment of costs.