LAVINIA C. H. DEMPSEY, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Decided April 3rd, 1882.)

Upon trial of an action against a city to recover damages for a personal injury sustained by the plaintiff from a fall upon a sidewalk of a street in the city alleged to have been at the time dangerously covered with snow and ice, specific questions may properly be submitted to the jury as to the condition of the sidewalk when the plaintiff fell, and the time it had then remained in its alleged dangerous condition; and the special findings upon such questions, if inconsistent with the general verdict, must control the latter.

In such a case, the setting aside of a general verdict for the plaintiff, and directing a verdict for the defendant upon the special findings, being, at most, erroneous in point of form, is not ground for reversal of a judgment for the defendant entered thereupon.

APPEAL from a judgment of this court entered upon a verdict of a jury directed by the court, and from an order denying a motion for a new trial.

The action was brought to recover damages for injuries received by the plaintiff by falling on the sidewalk of Spring Street, in the City of New York, on Friday, January 17th, 1879. The sidewalk was at the time covered with snow and ice. On the Sunday preceding there had been a snow fall, and another on Wednesday, ending on Thursday afternoon.

At the trial the court submitted to the jury specific questions, which were answered, and a general verdict found for the plaintiff; but because of the special findings the court set aside the verdict, and directed a verdict for the defendant. The plaintiff moved to set aside this verdict and for a new trial, which was denied, and judgment for the defendant was entered on the verdict. From the judgment and the order denying her motion for a new trial, the plaintiff appealed.

*John H. V. Arnold,* for appellant.

*Wm. C. Whitney, D. J. Dean,* and *E. H. Lacombe,* for respondent.

BEACH, J.—[After stating the facts as above.]—The submission of specific questions to the jury on the trial was eminently proper. In actions of this class it tends to avoid verdicts resulting from sympathy or compromise, by directing the attention of jurors to precise questions of fact, leaving the application of legal principles with the court.

Where the special findings and general verdict are inconsistent, the former must control, and judgment be rendered accordingly (Code Civ. Pro. § 1188).

The learned counsel for the appellant claims the action of the court erroneous in setting aside the general verdict for plaintiff, and directing a verdict in defendants' favor. This, at most, was an error of form, and was disregarded by the court in *United States Trust Company* v. *Harris* (15 Super. Ct. 75), although the setting aside of the general verdict was condemned. There would seem to be no difference in result between so doing and permitting it to stand with judgment ordered for the defendants. The record is not thereby materially changed.

The direction to find specially upon questions of fact rests in the discretion of the court, and an exception thereto is not available, unless the case be one where such proceeding is not authorized by the statute.

The first question related to the condition of the sidewalk where the accident happened. The jury found that foot passengers, by the exercise of ordinary care, could pass over the place in safety. This was equivalent to finding it to have been in a condition sufficiently safe for passage, to relieve the defendant from legal liability. The general verdict for the plaintiff was inconsistent with this special finding. The former upheld the caution of the plaintiff, and the latter may not be adverse to her upon that point. But although the evidence might show her to have been sufficiently careful, still, in answering the question, the jury settled a fact relative to

the condition of the sidewalk legally conclusive in defendants' favor.

No actual notice of the dangerous condition of the walk was shown to have been given to the public authorities. It was incumbent, therefore, upon the plaintiff to prove the place to have been in such condition for sufficient time to establish constructive notice. In this respect the submission of specific questions was a safeguard to the correct application of the law, while within the province of the jury to find the facts bearing upon the point. When these facts were thus settled, there remained but questions of law. In *Todd* v. *The City of Troy* (61 N. Y. 506), there was evidence tending to show the existence of the ice extending across the sidewalk of a much traveled street for the several days prior to the accident. The verdict in plaintiff's favor was upheld. But if, notwithstanding the verdict, the obstruction had appeared by clear proof to have existed but four hours, I am constrained to think the ultimate result would have been different upon appeal. In the case at bar, the jury found the accumulation of ice and snow had not remained in its then condition for more than twelve hours prior to the accident. In my opinion, under this finding, it was right for the court below to hold, as matter of law, that no constructive notice to the public authorities resulted. Such notice is a legal inference from established facts (*Birdsall* v. *Russell*, 29 N. Y. 220).

The exception at folio 29 was not well taken. The length of time the ice and snow appeared to have been there was not a subject upon which the witness could properly give an opinion. It was for the jury to pass upon, enlightened by any description of the obstruction witnesses might give.

The action of the court had no effect upon the right of the plaintiff to move for a new trial upon the ground of insufficient damages. Had the general verdict been allowed to stand, and judgment directed for the defendant, the suggested proceeding could not have been taken, nor does it seem possible the jury could have been influenced in estimating the plaintiff's damages by the specific questions.

The more rational supposition is that the verdict was the

outcome of those feelings of sympathy which, however creditable, under most circumstances, often produce injustice, if exercised by jurors when performing their important duties.

The judgment and order should be affirmed, with costs.

J. F. DALY, J., concurred.

Judgment and order affirmed, with costs.