PARET *et al.* v. NEW YORK EL. R. CO. ·

*(Superior Court of New York City, General Term.* April 14, 1892.)

1. EMINENT DOMAIN—ELEMENTS OF DAMAGE.

Two species of damage, arising from the same cause, as diminution in the rental value and in the selling price of property, brought about by the erection of an elevated railroad, do not give two separate causes of action.

2. SAME—TITLE TO DAMAGES—EXECUTOR AND DEVISEE.

The right of action for injury to the rental value of real property is a personal asset, accruing to the owner upon the happening of the injury, and upon the owner's death passes to his personal representatives, and not to his devisees.

3. SAME—ACTION AT LAW.

In New York, damages for depreciation in the fee or selling value of real property cannot be recovered in a common-law action for money only.

Appeal from jury term.

Action by Caroline Paret and others against the New York Elevated Railroad Company to recover damages to real property, caused by the erection and maintenance of the railroad. From a judgment for the plaintiffs, entered on the verdict of a jury, and from an order denying defendant's motion for judgment in its favor on the verdict, defendant appeals. Judgment set aside.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for appellant. *Talcott & Meyer,* for respondents.

GILDERSLEEVE, J. The defendant constructed an elevated railroad in the street in front of premises No. 405 Greenwich street, in the city of New York, in 1870; and soon after it commenced the operation of said road, which has ever since continued. The plaintiffs here seek to recover damages to the premises in question, caused by the maintenance and occupation of said elevated railroad. Hester Paret, the mother of the plaintiffs, held the premises as life tenant until December 20, 1882, when she died. It will be assumed that the plaintiffs owned the fee to the premises during the life tenancy of Hester Paret. Subsequent to the death of Hester Paret, and on October 4, 1883, the plaintiffs sold and conveyed the premises; and on July 19, 1884, they commenced this action. No executor or administrator of Hester Paret was joined in the action, and the trial court held that the plaintiffs, in their capacity of next of kin, were entitled to recover damages sustained by Hester Paret in her lifetime. The plaintiffs' claim herein was (1) for loss of rental value of the premises from the time defendant's railroad was constructed to October 4, 1883, the date when plaintiffs sold the premises; and (2) for the loss sustained in a sale of the premises on October 4, 1883, in a depreciated condition, at a reduced price, by reason of the wrongful acts of the defendant in constructing and operating its railroad in front of said premises. Although the complaint purports to set forth two causes of action, the second alleged cause of action (being the second claim above mentioned) is nothing more than the statement of a separate item of damages claimed to have resulted from the same wrongful acts of the defendant, which formed the basis of the first cause of action. Two species of damage, resulting from the same act, do not give two separate causes of action. *Trask* v. *Railroad Co.,* 2 Allen, 331; *Van Leuven* v. *Lyke,* 1 N. Y. 517; *Howe* v. *Peckham,* 6 How. Pr. 229. This view was evidently taken by the learned trial judge. In his charge to the jury, he said: "Now, there are two elements of damage which have been presented to you in this case. One is the diminution of rental value, and the other is the diminution of the proper price, which, the plaintiffs claim, would have been got at a sale for the fee of the property, but for the interposition of the elevated railroad." Against the protest of the defendant the trial judge instructed the jury to award to the

plaintiff damages for "such loss of fee value of the property which they sold as was caused by the wrongdoing of the elevated railway in this case." In the charge to the jury, no mention was made of two causes of action. On account of the statute of limitations the plaintiffs' recovery of rental damages was limited to the period between July 19, 1878, and October 4, 1883, the time of the sale of the premises by the plaintiff. The jury was instructed to render a general verdict, and to make, in their discretion, certain suggested special findings, as follows: "The jury are to find what are the damages, if any, caused by defendant's railroad, subdivided as follows: (1) For the period from July 19, 1878, to December 20, 1882, with interest, if allowed, from July 19, 1884, to date; the interest to be stated separately. (2) For the period from December 20, 1882, to October 4, 1883, with interest, if allowed, from July 19, 1884, to date; the interest to be stated separately. (3) The amount of loss, if any, to the fee value by the sale of October 4, 1883, with interest from July 19, 1884, to date, if allowed; the interest to be stated separately. (4) General verdict to be the aggregate of the above." The jury, after deliberation, rendered the following verdict, in writing: "The jury make answer to the special questions submitted to them as follows: (1) For the period from July 19, 1878, to December 20, 1882, with interest, if allowed, from July 19, 1884, to date,—the interest to be stated separately,—three thousand two hundred and eight dollars, with interest from July 19, 1884, to date, $1,069. (2) For the period from December 20, 1882, to October 4, 1883, with interest, if allowed, from July 14, 1884, to date,—the interest to be stated separately,—four hundred and twenty-six dollars, with interest from July 19, 1884, to date, $142. (3) The amount of loss, if any, to the fee value, by the sale on October 4, 1883, with interest from July 19, 1884, to date, if allowed,—the interest to be stated separately,—thirty-six hundred and thirty-four dollars, with interest from July 19, 1884. We have not allowed any damages as to rental value. (4) General verdict to be the aggregate of the above, or thirty-six hundred and thirty-four dollars, with legal interest from July 19, 1884; total, $4,845." Counsel for defendant moved upon the minutes of the court, and upon the verdict as rendered, for judgment in favor of the defendant, upon the ground that the verdict being against the plaintiff upon the question of damages to rental value, and damages to fee value not being recoverable in this action, the defendant was entitled to judgment. This motion was denied and exception taken. On this verdict, judgment was rendered, awarding the plaintiff the sum of $5,333.83, damages, interest, and costs. Subsequently an order was entered, denying the defendant's motion for judgment, which order is before us on appeal in connection with the appeal from the judgment.

Section 1187 of the Code of Civil Procedure provides as follows: "Where the jury find a general verdict the court may instruct it to find, also, specially, upon one or more questions of fact, stated in writing. The special verdict or special finding must be in writing, and it must be filed with the clerk, and entered in the minutes." The submission of the foregoing special questions seems to have been fully authorized, and the practice pursued by the learned trial judge perfectly regular. Section 1188 of the Code provides that "where a special finding is inconsistent with the general verdict, the former controls the latter, and the court must render judgment accordingly." If, in the finding of a jury, special matter follows or is followed by general matter, the verdict will be judged according to the special matter. *Fraschieris* v. *Henriques*, 6 Abb. Pr. (N. S.) 251. The verdict herein was a general one, in favor of the plaintiff, and was controlling, except so far as the special findings were inconsistent with it. Code, § 1188; *Trust Co.* v. *Harris*, 15 N. Y. Super. Ct. 75. The special findings herein were inconsistent with the general verdict, and legally required the entry of a judgment in favor of the defendant. Upon the foregoing findings, as rendered by the jury, it became

the duty of the court to direct the entry of judgment in favor of the defend-ant.   Code, §§ 1188, 1189; *Trust Co.* v. *Harris, supra; Dempsey* v. *Mayor,* 10 Daly, 417.

The plaintiffs have no personal right of action for damages sustained by their mother, Hester Paret, in her lifetime; and the trial judge erred in hold-ing that the plaintiffs, in their capacity of next of kin, were entitled to re-cover such damages.   The devisee does not acquire by the devise the right to recover for injury to the rental value of real estate, which happened prior to the passing of title under the devise.   The right of action is a personal asset, accruing to the owner upon the happening of the injury.   The executors or administrators of Hester Paret were entitled to recover the damages sustained during her lifetime, and to enforce their payment by action, if necessary, as part of the estate to be administered by them.   The plaintiffs were without authority to maintain a suit for the recovery of such damages, while the right of action therefor was vested in the executors or administrators, *Gris-wold* v. *Railway Co.*, 122 N. Y. 102, 25 N. E. Rep. 331; *Shepard* v. *Railway Co.*, 117 N. Y. 442, 23 N. E. Rep. 30.   The most that the plaintiffs herein would be entitled to recover for damages to the rental value would be such loss as was sustained by reason of the wrongful acts of the defendant between December 20, 1882, the date of Mrs. Paret's death, to October 4, 1883, the date when they sold the property,—a period of less than 10 months.   But this error is unimportant, because of the following finding of the jury: "We have not allowed any damages as to rental value."

The second alleged cause of action, constituting, as we have already shown, not an additional cause of action, but only a separate item of damage, pre-sents a claim for loss of fee or selling value, which cannot be recovered in a common-law action for money only.   *Uline* v. *Railroad Co.*, 101 N. Y. 98, 4 N. E. Rep. 536; *Tallman* v. *Railway Co.*, 121 N. Y. 119, 23 N. E. Rep. 1134; *Pappenheim* v. *Railway Co.*, (N. Y. App.) 28 N. E. Rep. 518.   In the last-cited case the rights of persons in the situation of these plaintiffs is very thoroughly discussed.   The court of appeals (PECKHAM, J.) say as fol-lows: "I have thus far referred to the case of the vendee for the purpose of inquiring what rights appertained to him as the present owner of that prop-erty.   But the argument in favor of the vendor, who owned the property when the road was built, and who sold his land in a depreciated market, caused by the wrongful acts of the defendants, is not, to my mind, very strong.   In the first place, he had his right of action to recover for all dam-ages caused by the trespass up to the time of the commencement of his action; and the subsequent conveyance of the land would not in any way affect that right.   If he desired to restrain its further continuance, or to recover for the permanent damage caused, he could, while owner, commence and maintain his action in equity.   In that action he would obtain full relief.   If he chose to sell, instead of using the remedies which the law gives him, that is a mat-ter, legally speaking, of his own choice.   The defendants did not compel or limit or restrain such sale.   Nothing that they did could be said to amount to any compulsion by them.   The law says their action cannot be regarded as a permanent trespass, for the very reason that it is unlawful, and the law will not presume that an unlawful act is to be forever continued.   His choice to sell, rather than avail himself of the remedy given him by the law, does not furnish him with a cause of action against the defendants, to reimburse him for the loss arising because of the presumption he has indulged in, that the trespass would be continuous and unpaid for.   He has chosen to regard the trespass in a light opposite to that in which the law regards it, and the loss which he has suffered thereby is not one which the law can regard as caused by the defendants."   It is clear that the alleged loss sustained by the plaintiffs upon the sale of the property in question did not fall within the legal measure of damages in this case.   As to the only claim of damages

upon which the plaintiffs were entitled to recover, the jury found against them, and the claim which the jury found in their favor the law declares not to be within the legal measure of damages. This situation demanded from the trial judge the direction that the judgment be entered upon the verdict in favor of the defendant. This the learned trial judge did not do. For the reasons above indicated, the order denying defendant's motion for judgment in its favor should be set aside, and judgment entered for the defendant upon the verdict. The appeal from the judgment is dismissed, without costs.

We do not overlook the fact that this disposition of the case will cause the records to show two judgments herein, to wit, the one entered upon trial in favor of the plaintiffs, and the judgment here directed. There was no motion before the trial judge by the defendant to set aside the first judgment. We do not think this court should take action in respect to that judgment upon its own motion, but deem it proper to say that this decision is without prejudice to the defendant to move at a special term to set aside said judgment. We think this decision should be without costs, since it occurs that had the action been properly tried, and an intelligible verdict rendered, a recovery for past damages, covering a period of about 10 months, to wit, from December 20, 1882, to October 4, 1883, would have resulted.

DUGRO, J. I agree with my associates that there can be no recovery in this action for damages, other than those to rental value between December 20, 1882, and October 4, 1883. The judgment should therefore be reversed, and a new trial ordered, with costs to defendant, to abide the event. The order denying defendant's motion for judgment upon the verdict was properly made. The special findings were inconsistent. The first and second allowed damages to rental value, and the third contained a statement that no damages to rental value had been allowed. It is manifest that the jury did not understand the questions upon which they passed. The verdict is conclusive evidence that this was so. The verdict contains contradictory statements, and should not have been accepted by the court. No judgment should have been ordered upon it.