actually produced before the court, so that it is within its jurisdiction, it seems to me clear that there can be no adjudication upon the question as to the custody of the child.    And where, upon the return to the writ, it appears that the child was not actually a resident of or within this state, or not in the custody and under the control of a person who is a resident of this state, the court then has no jurisdiction to determine in such a proceeding the question of the custody of such nonresident.    It was also error for the court to award the custody of the child to a party to the proceeding without the child being before the court, and without an examination into the merits of the application, even though the person in whose custody the child was had failed to make a return, and was in contempt.    The one consideration in determining a proceeding of this character is the welfare of the child. The character of the parents, when each claims the right to have awarded the care and custody of the child, is a matter to be inquired into by the court to determine to whom the custody of the child should be awarded; and upon the facts being ascertained the court has to determine what would best subserve the interests of the child, and the custody of the child will not be taken from one parent and given to another merely to punish one of the parents for a failure to comply with an order of the court.    This question received very careful consideration by this court in the case of Sternberger v. Sternberger, 12 App. Div. 398, 42 N. Y. Supp. 423, and it is only necessary to refer to that case for the principles which should control the court in determining proceedings of this character.

I think, therefore, that the order appealed from was unauthorized, and should be reversed, with $10 costs and disbursements.    All concur.

---

### REILLY v. SICILIAN ASPHALT PAV. CO.

(Supreme Court, Appellate Division, First Department.    June 28, 1898.)

RES JUDICATA.
> One who suffers injuries both to his person and his property, in an accident due to a single act of negligence of another, has only one cause of action for the two items of damage, which is wholly extinguished by the entry of a judgment in an action brought by him to recover damages for the injury to his property only.

Appeal from trial term, New York county.

Action by John F. Reilly against the Sicilian Asphalt Paving Company.    From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. T. Taliaferro, for appellant.
Herbert C. Smyth, for respondent.

McLAUGHLIN, J.    The plaintiff, while driving in one of the public streets of the city of New York, sustained a personal injury by his carriage coming in contact or colliding with a pile of sand negligently left unguarded in the roadway by the defendant.    His car-

riage was also damaged at the same time, and from the same cause. This action was brought to recover damages for the personal injuries sustained by the plaintiff, and, after issue had been joined, the plaintiff also instituted another action against the defendant in the district court of the city of New York to recover the damages to the carriage. The action in the district court was prosecuted to and resulted in a judgment in favor of the plaintiff, which was thereafter satisfied by the defendant. After the satisfaction of that judgment, the defendant, by permission of the court, served a supplemental answer to the complaint in this action, setting up that fact as a bar to a recovery herein. The issue thus raised came on for trial, and the plaintiff, to establish defendant's negligence, offered in evidence the judgment roll in the district court action, his contention then being that the judgment in that action established the defendant's negligence in this one, and was res adjudicata upon that subject. For this purpose the judgment roll was received in evidence. At the close of plaintiff's case, upon defendant's motion, an order was made dismissing the complaint, and from the judgment entered thereon plaintiff has appealed.

We think the ruling made by the learned justice at trial term was right. It is a well-established rule of law that a single cause of action cannot be severed or divided in order that separate actions may be brought to recover damages for the various parts of what really constitutes one demand. The cause of action upon which the recovery was had in the district court was the same as the cause of action upon which a recovery was sought in this action. What was it? It was a cause of action to recover damages for the same wrong arising from and growing out of the same negligent act of the defendant referred to in the complaint herein. It was a single wrong, and constituted one cause of action, although entitling plaintiff to different items of damages. Secor v. Sturgis, 16 N. Y. 548; Nathans v. Hope, 77 N. Y. 420; Howe v. Peckham, 6 How. Prac. 229. The damages resulting to the plaintiff from this wrong of the defendant must, under every well-recognized rule of law, be recovered, if at all, in a single action, and once for all. These damages were not continuous, and were not divisible. 1 Enc. Pl. & Prac. 159, and cases there cited. When, therefore, the plaintiff obtained the judgment which he did in the district court for the damages to his carriage at that moment, the cause of action which included the injury to his person was extinguished. The recovery and payment of that judgment satisfied his entire claim. The fact that the action in the district court was commenced, and the judgment therein recovered, while this action was pending, did not change the situation. Jex v. Jacob, 19 Hun, 105; Reilly v. Paving Co., 14 App. Div. 242, 43 N. Y. Supp. 536. In referring to this rule, the court, in Secor v. Sturgis, supra, said:

"An entire claim arising either upon a contract or from a wrong cannot be divided, and made a subject of several suits; and, if several suits be brought for different parts of such a claim, the pendency of the first may be pleaded in abatement of the other, and a judgment upon the merits in either will be available as a bar in the other suits."

And in Howe v. Peckham, supra, the court remarked:

"The running against the plaintiff's carriage in the highway, and breaking it, and upsetting the plaintiff, and injuring him, by the careless negligence of the defendant, never constituted but one cause of action, and for which the plaintiff recovered his damages as well for his personal injury as for the injury to his property."

The remarks of Lord Coleridge in Brunsden v. Humphrey, 14 Q. B. Div. 141, are also quite applicable. He said:

"But it seems to me à subtlety not warranted by law to hold that a man cannot bring two actions if he is injured in his arm and in his leg, but can bring two if, beside his arm and leg being injured, his trousers which contain his leg, and his coat sleeve which contains his arm, have been torn."

The case of Perry v. Dickerson, 85 N. Y. 345, cited by the appellant, is not in conflict, but rather in harmony, with this rule. In that case the court simply held that the two actions there referred to were not based upon and did not involve the same cause of action. And Judge Andrews, in delivering the opinion, took occasion to say that "there can be but one recovery for an injury from a single wrong, however numerous the items of damages may be, and but one action for a single breach of contract." Upon the trial the plaintiff, to establish defendant's negligence, relied entirely upon the judgment recovered in the district court, and no other or further evidence was given upon that subject, the plaintiff insisting that the cause of action was the same in that respect in each action, and that that judgment was res adjudicata upon the question of defendant's negligence. If the plaintiff's contention was correct,—and we think it was,—then it necessarily follows that the damages to the wagon and the injury to the plaintiff's person constituted but one and the same cause of action, and a recovery for one necessarily bars a recovery for the other.

It follows that the judgment appealed from must be affirmed, with costs. All concur.