(54 App. Div. 90.)

### FREELAND v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   October 12, 1900.)

1. NEGLIGENCE—PLEADING—EVIDENCE—DAMAGES.

Where a complaint alleges an accident in which plaintiff received personal injuries, and had a horse killed and a carriage destroyed, but does not allege any damage for the loss of the horse and carriage, evidence of the value thereof is inadmissible.

2. SAME—CONTINUANCE.

A complaint alleged an accident in which plaintiff received injuries by reason of defendant's negligence, and that he had a horse killed and a carriage destroyed, but did not allege any damage for the loss of the horse and carriage; the plaintiff having commenced another action to recover damages for their loss. The court refused to allow the plaintiff to amend his complaint at the opening of the trial, to insert a claim for the horse and wagon, but permitted him to introduce evidence of the value of the horse and carriage under the complaint as it stood. *Held*, that it was error to refuse to allow the defendant to withdraw a juror, as the introduction of such evidence entitled him to a postponement of the trial for surprise.

3. SAME—DAMAGES.

Where special damages are claimed for an injury to plaintiff's hand which would prevent him from continuing his business as a carriage draftsman, it is error to admit fancy drawings and sketches made by him which have no connection with such business.

Woodward, J., dissenting.

Appeal from trial term, Kings county.

Action by William Freeland against the Brooklyn Heights Railroad Company.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John L. Wells, for appellant.

Stephen C. Baldwin, for respondent.

WILLARD BARTLETT, J.   This action grows out of a collision between one of the cars of the defendant and a wagon in which the plaintiff was driving, which resulted in the destruction of the horse and wagon, and inflicted personal injuries of considerable severity upon the plaintiff.   A clear case was made out for submitting the question of the defendant's negligence and plaintiff's freedom from contributory negligence to the jury; and there would be no difficulty in sustaining the judgment upon the merits, were it not that the record discloses several erroneous rulings which appear to have been prejudicial to the defendant, and which probably had the effect of materially increasing the amount of the recovery.

The complaint in this suit mentions the killing of the horse and the demolition of the plaintiff's wagon, but it contains no allegation that the plaintiff suffered any loss by reason of the destruction of the animal or vehicle.   The only averment of damage relates to the personal injuries which the plaintiff himself claims to have sustained.   At the opening of the trial his counsel moved to amend the complaint by inserting an allegation to the effect that the horse which was killed

66 N.Y.S.—21

by the defendant's negligence was worth the sum of $1,750, and that the demolished carriage was worth the sum of $400. This motion was opposed in behalf of the defendant on the ground that after bringing this suit another action had been brought by the plaintiff, through the same attorney, against the same defendant, to recover for damages to the horse and wagon; that an answer had been interposed therein setting up the pendency of the present action as a defense; and that counsel was not ready to try the question of the value of the horse and wagon herein, but would be taken by surprise by any evidence on that subject. The court denied the plaintiff's motion to amend, but announced that it would allow the plaintiff to recover the value of the horse and wagon under the pleadings as they stood. When evidence was offered to establish the value of the animal, counsel for the defendant objected on the ground that it was not receivable, within the pleadings. The objection was overruled, and an exception was taken. Counsel thereupon asked permission to withdraw a juror, upon the ground that he had had no sufficient notice to enable him to prepare to meet the proof in regard to the loss occasioned by the destruction of the horse and wagon. The court, which had already intimated that the defendant ought to stipulate in the second action that the issue of negligence should abide the event in the present action, declined to allow the withdrawal of a juror, and counsel for the defendant again excepted. The court declared that there was no surprise in the case, and, over objection and exception, received all the evidence offered by the plaintiff in regard to the value of the horse and wagon. We are of the opinion that this evidence was not admissible, under the complaint. There was no allegation that the plaintiff had suffered any loss by reason of the destruction of the horse and wagon, nor did the complaint demand that any damages should be awarded on that account. Indeed, the bringing of the second action by the same attorney indicated that the pleader did not intend to include in this suit any claim for such damages. In the absence of an amendment the proof should not have been received. It is true that counsel for the defendant objected to the proposed amendment, but this was only on the ground that the change in the complaint would operate to place him at a disadvantage by reason of surprise, inasmuch as he did not anticipate that any proof would be offered as to the value of the horse and wagon in this case. That objection did not prevent him from insisting subsequently that the evidence was inadmissible under the complaint as it stood. We are also of the opinion that after the court had concluded to receive this evidence, whether an amendment was allowed or not, it should have granted the application of the defendant for the withdrawal of a juror. Notice that such application would be made was given before the case had been opened to the jury by the counsel for plaintiff. The application was equivalent to a motion for the postponement of the trial, and the exception taken by the defendant warrants us in reviewing the refusal of the court to grant it. Bank v. Colwell (Sup.) 8 N. Y. S. 380. It is true that the cases hold that such applications may be granted or denied in the discretion of the trial court, but that discretion is reviewable here.

The jury rendered a general verdict of $12,500 in favor of the plaintiff, and made a special finding fixing the value of the horse and wagon at $1,250. The effect of the errors already discussed might be obviated by deducting from the amount of the verdict the $1,250 representing the value of the horse and wagon, if it did not appear that another erroneous ruling in the case probably had the effect of enhancing the sum awarded as compensation for the plaintiff's personal injuries. This ruling related to the plaintiff's ability to draw fancy pictures. His occupation was that of a manufacturer of carriages. "My business is carriage manufacturer," he said. "I have been in business in the borough of Brooklyn, formerly the city of Brooklyn, as a carriage manufacturer, for about twenty years. I have a trade. I am a draftsman and painter, and all connected with the business. * * * I made drafts of carriages, and I worked at the bench,—used the saw and plane, and all those tools connected with a mechanical business.". His testimony tended to show that he had lost the use of the fingers of his right hand in consequence of the accident, so that he could no longer use a pencil or paint brush or pen, and that he was no longer able to do any work as a draftsman or painter in connection with his business as a carriage manufacturer. The testimony was proper for this purpose, and wholly unobjectionable. It was supplemented, however, by the introduction of 26 pictures on 26 different small cards. The plaintiff testified that these were samples of work done by him before the accident, that they were just drawings that came into his head, and that he could give counsel a wheelbarrow load of them, if he desired. To the court he said, "I have got a wagon load more, if they want them." A book containing other drawings of the same character was also admitted; the court holding that they showed the cunning of the plaintiff's right hand, which he said had been destroyed. These drawings were received over the objection and exception of the defendant. They represent landscapes and other scenes, either copied from nature or the offspring of the plaintiff's fancy, having no conceivable relation to his business as a carriage maker. They offered no basis for any estimate of pecuniary loss sustained by the plaintiff, in consequence of his inability to produce similar sketches in the future; yet it is impossible to avoid the conclusion that the production and exhibition to the jury of these pictures, coupled with the statement that the plaintiff could no longer enjoy the artistic satisfaction which he had formerly derived from thus using his pencil, must have had an effect to augment the verdict. As appears from the record, the learned trial judge entertained serious doubts as to the admissibility of this evidence, saying that he would like to have time to reflect about it, but would let it in, as counsel was willing to take the risk. We think it should have been excluded. The extent of the plaintiff's disability was shown when it was proven that he could not use a pen, pencil, or paint brush with his right hand. For all this he was entitled to compensation. But there was no allegation in the complaint that his disability debarred him from any particular pursuit aside from his usual vocation, nor could specific damages be allowed therefor, unless it was a pursuit in which he earned money. Baker v. Railway Co., 118 N. Y. 533, 23 N. E. 885.

Judgment reversed and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). This is an action for negligence resulting in injuries to the person and property of the plaintiff. On appeal it is conceded that the evidence of negligence on the part of the defendant was sufficient to take the case to the jury, and there seems to be no reason to question the propriety of submitting to the jury the question of the lack of contributory negligence on the part of the plaintiff,—a condition of facts appearing from the evidence, which would justify a finding that the plaintiff had established his freedom from contributory negligence. The complaint, aside from the formal averments, alleges that "heretofore and on the 30th day of June, 1899, while the plaintiff was lawfully driving upon Quincy street, and crossing Franklin avenue, in said borough of Brooklyn, one of the cars of the defendant, running at an unlawful rate of speed, unlawfully and wrongfully and negligently ran into plaintiff with such force and violence that his horse was killed, his wagon demolished, and that he was violently thrown from said wagon to the street and dragged for a considerable distance, whereby he was cut, bruised, wounded, and injured about the head, body, and limbs, his right knee was injured, he sustained a serious injury to his head, his back was badly wrenched, and he sustained a severe nervous shock to his whole system," and "that, by reason of the aforesaid, plaintiff has been, and will be compelled to suffer great pain, and has been and will be compelled to spend money for medicine and medical attendance, and has been and will be prevented from attending to his usual vocation, and has been, as he verily believes, permanently injured, and that he will never fully recover from the effects of the same, in all to his damage in the sum of twenty-five thousand dollars." It is doubtful, except for the subsequent act of the plaintiff in bringing a separate action for damages for the loss of the horse and wagon, if any one would have questioned the sufficiency of this complaint as a demand for all of the damages growing out of the one wrongful act of the defendant. It states concisely the elements of the plaintiff's damages, and fixes a sum which covers all of his damages. The trial court was not in error in refusing the motion to amend the complaint, and in holding that the pleadings were broad enough to admit of evidence of the value of the horse and wagon destroyed.

The point urged by the appellant's counsel, however, seemed to be that he was surprised at the demand of the plaintiff for that portion of the damages growing out of the killing of the horse and the demolishing of the wagon. The defendant insists that it is entitled to some kind of relief. When the plaintiff brought a subsequent action for the damages to his property, the defendant, in answering, alleged the pendency of the action now under consideration as a bar to the second action; and it is conceded that under the rule in Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. Supp. 817, a recovery in the present action would be a bar to a recovery in the second action; that there is in fact but one cause of action. Recognizing this fact, counsel for the plaintiff moved at the opening of the trial to amend the

complaint by inserting the words, at a proper point, "and that the horse which plaintiff drove, and which was killed by the negligence of the defendant, was worth the sum of $1,750, and that the carriage which was demolished by reason of the premises was worth the sum of $400." This motion was opposed by the defendant, counsel urging that he was taken by surprise at being called upon to defend for the value of a horse alleged to be worth $1,750. Yet it was stated in the argument that after bringing the present action "an action was brought, suing us for $2,150 for the loss of this man's horse and wagon." To this latter action an answer was interposed, in which the pendency of the present action was set up as a bar. The learned trial court denied the motion to amend, but stated, "I am going to allow them to recover the value of the horse and wagon if they prove it under the pleadings as it stands." Counsel for the defendant then gave notice that he should move to withdraw a juror on the ground of surprise. Counsel for plaintiff offered to stipulate that if the defendant would withdraw the answer in the second action, serving a new answer in which the pendency of the present action should not be set up in bar, he would refrain from introducing evidence as to the value of the horse and wagon. "If there is any surprise here," said the plaintiff's counsel, "he can withdraw his answer and serve me with a simple denial of the negligence. If you do that, I will not put in any evidence here on the value of the horse, and this jury need assess no damages on that subject." The court then suggested: "And the damages for those two items shall be assessed in the other action if the negligence is established in this." To this, plaintiff's counsel assented, and the court suggested that it "is a perfectly fair offer." Defendant's counsel then urged that, if the plaintiff was to be permitted to prove the value of the horse and wagon, the defendant be permitted to amend its answer and allege that there is a separate action to recover the damages which they seek in this action. To this the court replied: "I am not going to allow them to amend. I am only going to try the case on the pleadings as made. Your adversary has made you an offer which I consider absolutely fair to you,— that you shall stipulate in the other action that the issue of negligence shall abide the event of this. So that, if you get a verdict here, you have a verdict there, and, if there is a recovery here, that shall settle your liability in the other case for the horse and wagon, and it shall be a mere assessment of damages." Defendant's counsel declined the proposition, and the case went to trial upon the pleadings as they were; the defendant objecting to the introduction of evidence as to the value of the horse and wagon. These objections were overruled, the court and counsel rediscussing the propositions stated above; and then defendant's counsel moved to withdraw a juror on the ground of surprise, which motion was also denied, and an exception taken. While it is a well-established rule of law that a single cause of action cannot be severed or divided in order that separate actions may be brought to recover damages for the various parts of what really constitutes one demand (Reilly v. Paving Co., supra), we see no reason why the plaintiff should be denied a right to recover in the present action because his attorney made a mistake in his practice, and

brought two actions instead of one. If the present action could be pleaded as a bar to the subsequent action (and there is no doubt of this); and the defendant was aware of the claim of the plaintiff in respect to the value of the horse and wagon, it is hardly in a position to urge such a surprise upon the occasion of this trial as to justify the trial court in permitting the withdrawal of a juror. The defendant had had its attention called to the loss of the horse and wagon in this accident; not alone by the allegations of the complaint in this action, but by the complaint in a subsequent action, in which the amount of the damages for the horse and wagon was stated. It had already pleaded in answer to the last action that another suit for the same cause of action was pending, and by this pleading it said to the plaintiff that all of the damages growing out of the one cause of action must be determined in a single trial; and yet, when the plaintiff sought to amend his complaint so as to place the question unmistakably before the court, it interposed objections, and urged that it had been surprised,—that it was not prepared to litigate the question of all the damages growing out of the accident. A motion to withdraw a juror is addressed to the discretion of the court (2 Rum. Prac. p. 286, and authorities there cited), and the circumstances of this case do not warrant the conclusion that the court erred in the use of its discretionary powers in denying the motion; nor has the defendant any reason to complain of the remarks of the court called out in the course of a discussion of defendant's objections to the amendment of the complaint. If the plaintiff had a cause of action against the defendant, he had a right to all of the damages sustained in the accident complained of. The effort of the defendant to make use of the present action as a bar to a subsequent suit, and then to prevent the plaintiff recovering in the case at bar through technical objections to the complaint, or on the pretext of surprise, is contrary to the spirit of the jurisprudence of this state. Section 723 of the Code of Civil Procedure not only gives the court power to amend the complaint, but, where "the amendment does not change substantially the claim or defence," it may conform the pleading or other proceeding to the facts proved, and, "in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." It was necessary either that the defendant waive the bar to the subsequent action, or that the plaintiff be allowed to submit the whole controversy to the jury; and we conclude that the trial court did not err in the course pursued upon the trial, in denying defendant's motion to withdraw a juror. The plaintiff's complaint stated a cause of action in which all of the elements of damage were noted, and demanded judgment for all of such damages in the sum of $25,000, and proof of these damages was properly admitted.

The plaintiff is a draftsman, as he testified, and we see no objection to the introduction of drawings of his own as evidence of his skill, where it was shown that he was rendered incapable of doing this character of work by reason of the injuries received through the negligence of the defendant. The recovery sought was for the injuries sustained, and it was proper to show that he was a man capable of making

artistic drawings, and that he had been deprived of that faculty by reason of his physical injuries.

The judgment appealed from should be affirmed, with costs.