# MALNATI v. THOMAS.

---

EXECUTION; DAMAGES; PLEADINGS AND PRACTICE.

In a declaration alleging that the defendants, the marshal and another, levied upon, carried away, and sold the plaintiff's bricks, and applied the proceeds to pay a judgment against a third person, whereby the plaintiff was greatly delayed and hindered in performing a certain building contract, to the damage of the plaintiff $2,000; wherefore he claims that sum,—recovery may be had, not only for the delay and hindrance for which specific claim is made, but also for the value of the bricks taken.

No. 1588. Submitted October 19, 1905. Decided December 5, 1905.

HEARING on an appeal by the defendants from a judgment

of the Supreme Court of the District of Columbia upon a ver-
dict of a jury in an action for an alleged unlawful levy upon
property owned by the plaintiff.                    *Affirmed.*

  · The COURT in the opinion stated the facts as follows:

   This was a suit for damages, brought by the appellee, Noble
H. Thomas, against the appellants, Antonio Malnati and Aulick
Palmer, the latter the United States marshal for the District
of Columbia, for an alleged unlawful levy under a fieri facias
upon a judgment obtained by Malnati against one Spier and
one Jones, upon certain bricks, the property of the appellee,
which bricks were sold by the marshal and the proceeds applied
to payment of Malnati's judgment.

   Uuon the trial, the verdict was for the appellee, and from the
judgment thereon the defendants below appealed.   The assign-
ment of error raises the question whether, under the declara-
tion, the appellee was entitled to recover for the value of the
bricks so seized and sold.

   The single count of the declaration alleges that the appellant,
Malnati, procured the fieri facias upon his judgment against
Spier and Jones, and directed Marshal Palmer, appellant, to
levy upon 40,000 bricks, the property of the appellee, Malnati
averring the same to be the property of Jones, "which bricks
were then and there the property of the plaintiff and in the
plaintiff's possession in the District of Columbia, where the
plaintiff was about to use them in constructing a building for
the government of the United States, which the plaintiff was
bound by contract, under penalty, to complete within a limited
time; and caused the said bricks to be sold at public auction,
and the proceeds of said sale to be applied to the payment of the
judgment and cost in the aforesaid action, *whereby the plaintiff*
*was greatly delayed and hindered in performing said contract*
to the damage of the plaintiff $2,000; wherefore the plaintiff
claims $2,000 besides costs."

   The cause proceeded to trial upon the general issue, and the
appellee was allowed, over the appellant's objection, to prove

the value of the bricks taken and sold by the marshal, and evidence was admitted tending to show that the appellee's work of constructing the building had been hindered and delayed four days by such taking of the bricks, at a loss to the appellee. The appellants introduced no evidence except to show that the levy on the bricks was made in the belief that the bricks were the property of Jones. The verdict was for the appellee.

During the trial the court below refused the following prayer of the appellants: "That, if the jury should find for the plaintiff (the appellee), the jury should not in its verdict include damages for the value of the bricks mentioned in the declaration, or any part thereof, for the reason that the declaration contains no claim for damages on account of the value of said bricks."

*Mr. Henry E. Davis* and *Mr. Edward B. Kimball* for the appellants.

*Mr. Andrew Lipscomb* and *Mr. George C. Meigs* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

On behalf of the appellant, it is insisted that the plaintiff having the right to claim damages generally, or to specify the account on which, and the extent to which, damages are claimed, the plaintiff must be held to the terms of his pleading, and that in this case, as the attention of the court below was specifically asked by the prayer rejected to the limited claim for damages in the declaration, it was error for the court to allow damages beyond such claim.

In *Freeland* v. *Brooklyn Heights R. Co.* 54 App. Div. 90, 66 N. Y. Supp. 321, the case mainly relied on by the appellants, the action grew out of a collision between one of the cars of the Brooklyn Railway Company and a wagon, in which Freeland, the plaintiff, was driving, which resulted in the destruction of the horse and wagon, and inflicted severe personal injury upon the plaintiff. The complaint mentioned the killing of the horse

and the demolition of the wagon, but contained no allegation that the plaintiff suffered any loss by reason thereof. The only averment of damages related to the personal injuries which the plaintiff himself sustained. Evidence of the value of the horse and wagon was admitted, however. The court held "that this evidence was not admissible under the complaint;" saying: "There was no allegation that the plaintiff had suffered any loss by reason of the destruction of the horse and wagon, nor did the complaint demand that any damages should be awarded on that account."

We observe that WOODWARD, J., dissenting, asserts the sufficiency of the complaint, "as a demand for all the damages growing out of the one wrongful act of the defendant." We incline to the latter view.

In the case before us the appellee sufficiently alleges in this declaration that the bricks of the appellee were carried away and sold by the appellant, Palmer, and alleges the value thereof; but it is urged that the appellee limited his claim of damages to the delay and hindrance in constructing the building caused by such alleged wrongs, and the court below should have so limited the evidence and the recovery. The appellee's declaration was intended to be a count in trespass *de bonis asportatis*. It lacks characteristic features of such a count, but it is a sufficient statement of the cause of action under our system of pleading, and therefore a verdict and judgment in a clear case of a wrongful sale by the appellants of the appellee's property, to satisfy the debt of a stranger, ought not to be set aside and reversed because of some confusion in the mind of the pleader respecting the law of damages, unless the error be serious.

"Damages," says Chitty, "are termed general or special. General damages are such as the law implies [or presumes] to have accrued from the wrong complained of. Special damages are such as really took place, and are not implied by law. * * * It does not appear necessary to state the former description of damages in the declaration, because *presumptions*

of law are not in general to be pleaded" and averred as facts. 1 Chitty, Pl. 3d Am. ed. *385, *386.

The charge of general damage is sufficiently notified in the statement of the injury, which imports all of its necessary and immediate effects. Therefore, general damage requires no particular mention, and is covered by the general claim at the conclusion. Bullen & L. Prec. of Pl. 3d ed. 12, 13.

The declaration we are considering sufficiently alleges that the appellants levied upon and carried away and sold the appellee's bricks, and applied the proceeds of sale to pay a judgment against a third person, "to the damage of the plaintiff $2,000, wherefore, the plaintiff claims $2,000.

Of course, this general claim of damage is sufficient to sustain the verdict and the judgment. The appellants insist, however, that the clause of the declaration preceding the words last quoted, namely, "whereby the plaintiff was greatly delayed and hindered in performing said contract," excludes all claim for the natural and necessary damage which, without any averment, the law implies from carrying away and selling the appellee's property for another's debt, and that this claim of damage confines and limits the appellee to evidence of, and recovery for, the only damage averred in his declaration, namely, the delay and hindrance in performing his contract.

In our opinion, the taking away from the site of the building which the appellee was then and there engaged in erecting pursuant to a contract, under penalty to complete it within a limited time, necessarily and directly delayed and hindered the appellee in performing said contract, and such delay and hindrance, by taking away the bricks wherewith the appellee was then about to build the house, was the direct and necessary consequence of the trespass, and, as such, a part of the general damage which the law presumes to have accrued to the appellee from the wrong complained of in his declaration, and therefore no claim whatever for this element of damage was necessary. It is superfluous to claim what the law implies, and this clause in this declaration is to be rejected as surplusage.

The one wrongful act of carrying away and selling the ap-

pellee's bricks about to be used in constructing a building *implied* damage to the appellee to the extent of the value of the bricks, and also to the extent of the delay and hindrance to the completion of the building according to the contract, which were the direct and necessary consequences of the one wrongful act complained of. Both elements of damage were elements of general damage which the law *implies*.

If we assume that acts complained of in this declaration were not in themselves necessarily injurious to the appellee, but became so only by reason of the special damages caused to him by such wrongful acts, even then the allegation whereby "the plaintiff was greatly delayed and hindered in performing said contract," taken in connection with the inducement in the declaration, lacks sufficient particularity to make it a claim for special damages.

"When," says Chitty, "the law does not *necessarily imply* that the plaintiffs sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity." 1 Chitty, Pl. 3d Am. ed. *386; Bullen & L. Prec. of Pl. 3d ed. 12, 13; Sedgw. Damages, § 1265; *Squier* v. *Gould,* 14 Wend. 160.

Since there is no sufficient claim of special damage, this declaration claims only the general damage, which was the direct and necessary consequence of the wrong complained of in the declaration. Therefore, the learned court below committed no error in admitting evidence of the value of the bricks levied upon and sold, nor in rejecting the appellant's second prayer, which instructed the jury not to give damages for the value of the bricks mentioned in the declaration.

The judgment appealed from must be affirmed, with costs, and it is so ordered.                    *Affirmed.*