Underwood *v.* Smith.

## UNDERWOOD *v.* SMITH.

### (*Knoxville.*   October 25, 1894.)

LIBEL.   *Res adjudicata.*

A person responsible for the publication of a libel in different news-papers on different days, cannot plead a recovery for a publication in one paper on one day in bar of an action for a publication in another paper on a different day.

Cases cited: Saunders *v.* Baxter, 6 Heis., 369, 392; 94 U. S., 477; 16 N. Y., 548; 32 Am. Dec., 448.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County.   S. T. LOGAN, J.

HENDERSON & JOUROLMON for Underwood.

WILLIAMS, HENDERSON & DAVIS for Smith.

WILKES, J.   Defendant, Smith, wrote an article, which was published, at his request, on the evening of April 11, 1892, in the Knoxville *Evening Sentinel*.   The same article was republished by the Knoxville *Daily Tribune* · on the morning of April 12, 1892.

Soon thereafter plaintiff, Underwood, brought suit against defendant, Smith, for libel, based on the publication in the *Evening Sentinel*.   The cause came to a hearing, and resulted in verdict and judgment for the plaintiff for $340.

April 6, 1893, the plaintiff brought the present

Underwood *v.* Smith.

suit against the defendant, Smith, for libel, based on the publication in the *Tribune*. Pleas of *res adjudicata* and not guilty were filed, and the former was sustained by the Circuit Judge, and plaintiff's suit was dismissed, from which judgment of the Circuit Judge plaintiff appealed, and has assigned as error the action of the trial Judge in sustaining the plea of *res adjudicata*, and in not hearing the cause upon the merits under the plea of not guilty. An agreed statement of facts is made, and it appears that both publications are of identically the same matter, one being made in the *Sentinel* on the evening of April 11, and the other in the *Tribune* on the morning of April 12; that the two papers have a number of subscribers in common, but each has subscribers that the other has not.

The Circuit Judge was in error in sustaining this plea of *res adjudicata*. Every separate and distinct publication of a libel is a distinct offense, for which a separate action will lie, and a recovery of damages for the first publication of the libel is no bar to an action based upon its repetition or republication. Newell on Defamation, p. 350, § 3; Odgers on Libel, p. 277, § 160; *Rex* v. *Carlile*, 1 Chitty, 453; Pollock on Torts, p. 315.

In the action upon the libel in which judgment has heretofore been rendered, there is no mention made of repetition or republication of the libelous matter, and it was in nowise involved, and evidence of it would, perhaps, have been inadmissible. *Saunders* v. *Baxter*, 6 Heis., 369, 392.

The rule which requires a party not to split his cause of action, and prosecute it by piecemeal, does not require that distinct causes of action, each of which would authorize independent relief, should be presented in a single suit. And this is true, even though the several causes of action may exist at the same time. Black on Judgments, Vol. 2, Sec. 344; *Stark* v. *Starr*, 94 U. S., 477; *Secur* v. *Sturgis*, 16 N. Y., 548; *Berdaugh* v. *Cocke*, 32 Am. Dec., 448.

The doctrine of *res adjudicata* is based upon reasons and principles which have no application to the case at bar. In order to sustain the plea, the causes of action must be the same, between the same parties, based upon the same evidence, and resulting in damages based on the same reasons.

In the case of these two publications the evidence in the one case would not apply, except in part, to the other case.

The time and fact of publication are different in the two cases. The papers in which the publications are made are not the same. The possible defendants are not the same. In the former case, the publisher of the *Sentinel* could have been joined, but not the publisher of the *Tribune*, and *vice versa.*

The parties receiving the publication are not altogether the same; and it may be the damage sustained is not the same in the latter as in the former case. While it is true that one recovery in an action for libel is a bar to a second recov-

44—9 P

ery for the same cause of action, as in all other suits, still it is no bar when there is a separate and distinct cause or ground of action for a repetition of the libel, which is a similar but not the same offense, any more than a judgment for one assault and battery would bar an action for a second assault and battery by the same person on the same party.

Townshend, in his work on Libel, says, in substance: If one copies the subject-matter of a writing upon another piece of material, the copy is no more the same subject-matter with the original than is a repetition of a sound the same as the original sound. Townshend on Libel, Sec. 117.

Again, the same writer says: "It is no bar to an action for slander or libel that, in a former action, for the publication of the *same words* on an occasion different from that alleged in the declaration, the defendant obtained a verdict and judgment in his favor. It was not for the same cause of action." Townshend on Libel, Sec. 251, page 442 (4th Ed.).

The judgment of the Circuit Judge is reversed, and, inasmuch as no evidence on the merits was given under the plea of not guilty (the suit having been dismissed on sustaining the plea of *res adjudicata*), the cause will be remanded to the Circuit Court, to be further proceeded in on the merits.

The appellee will pay the costs of the appeal.