(25 Misc. Rep. 355.)

GALLIGAN v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Trial Term, New York County.  December 1, 1898.)

1. LIBEL—SPLITTING CAUSE OF ACTION.
  One cannot select one portion of a libelous article as ground for one action, and another portion as ground for another, so that judgment in one such action is a bar to the other.

2. SAME—REPUBLICATION.
  A separate action cannot be had on a republication by the same party of a libelous article, the republication being prior to action on the original article.

Action by Louise M. Galligan against the Sun Printing & Publishing Association.  The complaint was dismissed, and plaintiff moves for a new trial.  Denied.

Bradley C. Chatwood, for plaintiff.
Franklin Bartlett, for defendant.

DAVY, J.    The principal question presented on this motion, which
is for a new trial, under section 999 of the Code of Civil Procedure,
is whether the former action between these parties is a bar to this
action.  Both actions are for libel contained in a single publication
in defendant's newspaper, the Evening Sun, of April 15, 1892, re-
flecting upon the plaintiff's character and qualifications as a principal
of the primary department of grammar school No. 70, one of the pub-
lic schools of the city of New York.    The words set out in the arti-
cle charged the plaintiff with having extorted money from the teach-
ers under her, and with harshly treating all those who did not pay
her certain parts of their monthly salaries, and that she would sit for
hours at a time without attending to her duties as a teacher, staring
into vacancy.    Upon this article the plaintiff brought two separate
actions for libel.    The complaint in each action is in the usual form,
and alleges that the publication was false and malicious, and made
with intent to injure the plaintiff in her good name, reputation, and
character as a teacher.    The first action was tried in the supreme
court in the county of Queens, and was based upon that part of
the article charging the plaintiff with having extorted money from
the teachers, and with harshly treating all those who did not pay her
certain parts of their monthly salaries, in which action she recovered
six cents damages.    The second suit, which is this action, is based on
another part of the same article, charging incompetency and neglect
of duty on her part as a teacher.    Upon the trial of this case, after
the evidence was in, the court, on motion of the defendant's counsel,
dismissed the complaint, on the ground that the judgment in the first
suit, which was properly pleaded and proved, was a bar to this action.
The claim of the plaintiff is that she had a right to select certain
defamatory statements in the libelous article, and, when she had suc-
ceeded on those, then she might take other defamatory statements
in the same article, and bring a second action on them.

I am not aware of any rule of law authorizing two or more actions
to be brought for one publication of a libel.    It is contended, how-
ever, by the learned counsel for the plaintiff, that the causes of action
are not the same, because the statements complained of in the present
action are not the same as those complained of in the former action,
although contained in the same article.    While the statements con-
tained in the first complaint may not have corresponded with the
statements in the second complaint, yet the publication of the article
was a single wrong, and constituted but one cause of action.    The
fact that the plaintiff did not, in the first action, ask to be fully com-
pensated for all the injuries she had received to her character by rea-
son of the publication of the article does not change the issue which
was tried.    She had a right to set up in her complaint the whole of
the alleged libelous article, and to prove her damages arising from
the publication of it.

It has frequently been held that the law, to prevent vexatious and
oppressive litigations, prohibits the splitting up of an entire cause of

action into parts, and the bringing of separate actions for each. The injustice of allowing the plaintiff to select one portion of a libelous article as the ground for one action, and another portion of the article as the ground for a second action, is obvious. If a claimant could split his demand into two parts, he could split it into a hundred parts, in which case the costs alone might amount to more than the damages recovered. Such a rule would not only be vexatious and oppressive to the litigants, but unjust to them. In most, if not all, libelous actions, the whole publication of the article would be before the jury in each case; and it can readily be seen that it would be quite difficult, if not impossible, for the jury to separate the damages in each suit. The defendant, therefore, might be compelled to pay damages twice for the same injury. The authorities are clearly to the effect that damages for a single wrongful act can be awarded but once, and in one suit only.

In Secor v. Sturgis, 16 N. Y. 554, the court held that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits, and, if several suits be brought for different parts of such claim, the pendency of the first may be pleaded in abatement of the other, and a judgment upon the merits in either will be a bar in the other suit. Filer v. Railroad Co., 49 N. Y. 44; Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. Supp. 817; Town. Sland. & L. (4th Ed.) § 251.

In the case of Reilly v. Paving Co., supra, the court held that a single negligent act, constituting one cause of action, although entitling plaintiff to different items of damage, cannot be sued for in different actions to recover such items of damage separately, and that a judgment recovered for injuries to the plaintiff's wagon was a bar to an action for injuries to his person resulting from the same accident.

There seems to be no escape from the conclusion that the plaintiff cannot be permitted to split up the alleged libelous article, and bring a second action thereon. This conclusion is in harmony with the spirit of the Code and the general principle of equity jurisprudence which aims at complete and final relief in a single action in respect to all matters between the same parties growing out of the same transaction; and a judgment obtained in such an action is final and conclusive between the same parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and decided as incidental to, and essentially connected with, the subject-matter of the litigation. Jordan v. Van Epps, 85 N. Y. 435.

It is also urged by the learned counsel for the plaintiff that the article upon which this action is based was published in the Evening Sun, in the so-called "Last Edition," and therefore it amounted to a second or subsequent publication, which gave a new cause of action. Assuming that the article was a republication, as claimed by the plaintiff, that does not make it the subject of another action. If that contention could be upheld, then a separate action might be maintained for its publication in every copy of the Evening Sun issued during the afternoon of April 15, 1892. If the article in question,

which is libelous per se, had been published after the commencement of the first action, a second action would have been clearly maintainable; but, where a libelous article is republished before the commencement of an action, a separate action cannot be maintained on such republication. The repetition of the publication may be pleaded and shown on the trial as bearing upon the malice of the defendant and the extent of the injury and damage to the plaintiff. Frazier v. McCloskey, 60 N. Y. 337; Distin v. Rose, 69 N. Y. 124; Daly v. Byrne, 77 N. Y. 187; Enos v. Enos, 135 N. Y. 610, 32 N. E. 123.

I must therefore hold that the judgment obtained in the former suit is a bar to this action, and the motion for a new trial is denied.