Order accordingly.

(114 App. Div. 824)

### FISHER v. NEW YORKER STAATS-ZEITUNG.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

PLEADING—COMPLAINT—CAUSES OF ACTION—SEPARATE STATEMENT AND NUM-
BERING.

Where the complaint in an action for libel counted on two publications, one to the effect that plaintiff had published an obscene book, and the other that the book had been confiscated on account of its character, plaintiff, on motion, should have been required to separately state and number his causes of action; each publication being a separate cause of action.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 113.]

Appeal from Special Term, Kings County.

Action by Henry W. Fisher against the New Yorker Staats-Zeitung. From an order denying defendant's motion to require plaintiff to amend the complaint by stating and numbering causes of action, defendant appeals.   Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MIL-
LER, and GAYNOR, JJ.

Alfred J. Amend and John E. Donnelly, for appellant.

Herman A. Brand, for respondent.

HOOKER, J.   This is an appeal from an order of the Special Term denying appellant's motion to require the plaintiff to amend his complaint by separately stating and numbering each of the two causes of action therein alleged, to wit, the alleged libel alleged to have been published by the defendant on the 20th day of November, 1904, and the alleged libel alleged to have been published on the 26th day of November, 1904.   The complaint alleges the incorporation of the defendant; that it is engaged in printing a newspaper in the city of New York; that the plaintiff, on the days of the publications complained of, was and had been for many years a resident of the city of New York, and

engaged as a foreign newspaper correspondent, and had a reputation as an authority on historical works; that the publications complained of were false, libelous, and defamatory, and that the defendant suffered damage. The publication of November 20, 1904, translated into the English language, is as follows:

### "New Lascivious Literature.

"A book just published in London by the journalist Henry W. Fisher, known in the United States, entitled 'Private Lives of William II and His Consort,' has created immense disgust. This new product of obscene literature is a conglomeration of dirty tittle tattle. Bilse's Little Garrison is the purest idyl compared with it. The London papers are printing columns about this Machwerk [meritless concoction] but the result of their long-winded criticism culminates in the sentence that the book contains only back stairs gossip."

The publication of November 26, 1904, translated into the English language, is as follows:

### "Obscene Book Confiscated.

"Fisher's obscene blackguard book about the Emperor, about which I cabled you several days ago, was confiscated in all book stores here. As known, it contains the stupidest back stairs gossip."

The order should be reversed, and the plaintiff required separately to state and number the causes of action alleged in the complaint. That each publication of defamatory matter is a cause of action separate and complete in itself does not admit of doubt. In Pollock on Torts, it is said (page 215): "Every publication of defamatory words is a new publication and is a distinct cause of action." See, too, Fleischmann v. Bennett, 87 N. Y. 231; Rockwell v. Brown, 36 N. Y. 207.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.