MARGARET E. COOK, Appellant, *v.* WILLIAM J. CONNERS, Respondent.

Libel — actions against owner of two newspapers for publishing, in each of the papers, substantially the same libel — a judgment against owner for libel in one paper not bar to action for libel in the other paper.

1. A judgment is not a bar or estoppel in a subsequent litigation between the same parties of a cause of action which might have been pleaded and determined by it, but was not, although it may be a conclusive adjudication as to questions of fact which were actually litigated and determined.

2. This is an action to recover damages for an alleged libel. The defendant is the owner and publisher of two newspapers published in the same city and in the same building; one issued in the morning, and the other in the afternoon of each day. On a certain date there was published in the afternoon newspaper an article constituting an alleged libel against plaintiff and the next day an article, the same in substance and effect as that in the afternoon newspaper, though not in identical language, was published in the morning newspaper. The plaintiff brought two actions against the defendant, a separate action for each publication, and has recovered and been paid a judgment in the action based on the publication in the afternoon paper. *Held*, that such judgment is not a bar to the action for the publication of the alleged libelous article in the morning paper. The defendant communicated to others than plaintiff the alleged libel on two independent occasions by means of two sep-

arate writings or newspapers. Each communication was a distinct publication which constituted, if the matter was libelous, a complete libel and a cause of action in favor of plaintiff, and, hence, the recovery by plaintiff of the damages suffered by her through the publication in the afternoon newspaper does not compensate her for such damages, if any, as resulted from the publication in the morning newspaper.

*Cook* v. *Conners*, 157 App. Div. 832, reversed.

(Argued April 27, 1915; decided May 25, 1915.

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 1, 1913, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman J. Westwood* and *Louis G. Monroe* for appellant. The recovery of a judgment in the *Enquirer* case is not a bar to the prosecution of this case. Each publication of defamatory matter is a cause of action separate and complete in itself. (*Fisher* v. *New Yorker Staats Zeitung*, 114 App. Div. 824; Pollock on Torts, 215; *Tillotson* v. *Cheetham*, 3 Johns. 56; *Fleischman* v. *Bennett*, 87 N. Y. 231; *Woods* v. *Pangborn*, 14 Hun, 540; 75 N. Y. 495; *Union Press* v. *Heath*, 49 App. Div. 247; *Collier* v. *Postum C. Co.*, 149 App. Div. 143; *Cohalan* v. *Press Pub. Co.*, 123 App. Div. 487; *Galligan* v. *Sun Assn.*, 25 Misc. Rep. 355.) The claim that the *Enquirer* judgment is conclusive upon the parties because the *Courier* article might have been litigated is not sustained. (*Lorillard* v. *Clyde*, 122 N. Y. 41; *Bell* v. *Merrifield*, 109 N. Y. 202; *Brantingham* v. *Huff*, 43 App. Div. 414; *McCarthy* v. *Hiller*, 26 App. Div. 588; *Raven* v. *Smith*, 87 Hun, 90; *Cromwell* v. *Co. of Sac*, 94 U. S. 351; *Embury* v. *Conner*, 3 N. Y. 511; *Pray* v.

*Hegeman,* 98 N. Y. 351; *Campbell* v. *Consalus,* 25 N. Y. 613; *House* v. *Lockwood,* 137 N. Y. 259; *Reynolds* v. *Ætna,* 160 N. Y. 635; *Secor* v. *Sturgis,* 16 N. Y. 548.)

*Edward J. Garona* and *Robert F. Schelling* for respondent. The general rule is that a judgment of a court of competent jurisdiction is final and conclusive upon the parties not only as to the issues actually determined, but as to any other question which the parties might or ought to have litigated. (*Stokes* v. *Foote,* 172 N. Y. 327; *Secor* v. *Sturgis,* 16 N. Y. 554; *Pray* v. *Hegeman,* 98 N. Y. 351; *Cohalan* v. *Press Pub. Co.,* 123 App. Div. 488.) The respondent, being the owner of both newspapers and the article in both containing the same libel, its publication was a single act and a single injury. (*Galligan* v. *Sun Pub. Co.,* 25 Misc. Rep. 355; *Frazier* v. *McCloskey,* 60 N. Y. 337; *Dustin* v. *Rose,* 69 N. Y. 124; *Daly* v. *Byrne,* 77 N. Y. 187; *Enos* v. *Enos,* 135 N. Y. 610; *Lorillard* v. *Clyde,* 122 N. Y. 41.)

COLLIN, J. The action is to recover damages for an alleged libel. The facts present a single question for us to determine. The defendant owned and published at the city of Buffalo, in the same building and, speaking comprehensively, with the same plant and operators, except as to editorial staffs, two newspapers, the one, the Buffalo *Enquirer,* issued in the afternoon, and the other, the Buffalo *Courier,* issued in the morning of each day. The alleged libel was published in substance and effect, though not in identical language, in the Buffalo *Enquirer* on August 27, 1910, and in the Buffalo *Courier* the next morning. The plaintiff brought two actions against the defendant, that is, a separate action for each publication, and has recovered and been paid a judgment in the action based upon the publication in the Buffalo *Enquirer.* The present action was based upon the publication in the Buffalo *Courier,* and the trial court held that the judg-

12

ment in the former action was a bar to a recovery by the plaintiff in this action and directed a verdict in favor of the defendant. The Appellate Division, by an unanimous decision, affirmed the judgment of the trial court and gave leave to the plaintiff to appeal to this court. The judgment must be reversed.

The courts below held that the two actions involved the same issues and applied the principle that a judgment is final and conclusive upon the parties, not only as to the issues actually determined, but as to every other question which the parties might or ought to have litigated. (*Stokes* v. *Foote*, 172 N. Y. 327, 344.)

The principle, however, is applicable to those issues only which exist in or pertain to the cause or causes of action contained in the complaint and the defenses, answers or counterclaims thereto. It does not require that all the causes of action which a plaintiff may allege against a defendant, and which may be, must be set forth in a single complaint and litigated in one trial. A judgment is not a bar or estoppel in a subsequent litigation between the same parties of a cause of action which might have been pleaded and determined by it, but was not, although it may be a conclusive adjudication as to questions or facts which were actually litigated and determined. (*Perry* v. *Dickerson*, 85 N. Y. 345; *Bell* v. *Merrifield*, 109 N. Y. 202; *Dawley* v. *Brown*, 79 N. Y. 390; *Secor* v. *Sturgis*, 16 N. Y. 548; *Southern Pac. R. R. Co.* v. *United States*, 168 U. S. 1, 48; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610, 618.) The respondent asserting and arguing that the two publications were a single act and a single injury invokes, in addition, the cognate rule that where an action is brought for a part only of an entire demand, the verdict and judgment in such action are a conclusive bar to a subsequent action for another part of the same demand — a rule which applies only to such demands as are single, entire and indivisible. (*Kennedy* v. *City of New York*,

196 N. Y. 19; *O'Dougherty* v. *Remington Paper Co.,* 81 N. Y. 496; *Secor* v. *Sturgis,* 16 N. Y. 548.)

The defendant communicated to others than the plaintiff the alleged libel on two independent occasions by means of two separate writings or newspapers. Persons would read or acquire knowledge of it from or through either paper who would not do so through the other. Each communication was a distinct publication which constituted, if the matter was libelous, a complete libel and a cause of action in favor of plaintiff. (*Underwood* v. *Smith,* 93 Tenn. 687; *Gordon* v. *Journal Publishing Co.,* 81 Vt. 237; *Woods* v. *Pangburn,* 75 N. Y. 495; *Fisher* v. *New Yorker Staats-Zeitung,* 114 App. Div. 824; *Central of Georgia Ry. Co.* v. *Sheftall,* 118 Ga. 865; *Reid, Murdoch & Co.* v. *Ferris,* 112 Mich. 693; *Hughes* v. *Rees,* 4 M. & W. 204.) The recovery by the plaintiff of the damages suffered by her through the publication in the Buffalo *Enquirer* does not compensate her for such damages, if any, as resulted from the publication in the Buffalo *Courier.* The evidence which proved the publication, the publishers and the damages to the plaintiff in the former action will not establish the like facts in this. The reasoning in *Underwood* v. *Smith* (93 Tenn. 687) is accurate and satisfactory. It is there said: " Every separate and distinct publication of a libel is a distinct offense, for which a separate action will lie, and a recovery of damages for the first publication of the libel is no bar to an action based upon its repetition or republication. * * * The rule which requires a party not to split his cause of action, and prosecute it by piecemeal, does not require that distinct causes of action, each of which would authorize independent relief, should be presented in a single suit. And this is true, even though the several causes of action may exist at the same time. * * * The doctrine of *res adjudicata* is based upon reasons and principles which have no application to the case at bar. In order to sustain the plea the causes

[215 N. Y.]          Opinion, per COLLIN, J.          [May,

of action must be the same, between the same parties, based upon the same evidence, and resulting in damages based on the same reasons.  \* \* \*  While it is true that one recovery in an action for libel is a bar to a second recovery for the same cause of action, as in all other suits, still it is no bar when there is a separate and distinct cause or ground of action for a repetition of the libel, which is a similar but not the same offense, any more than a judgment for one assault and battery would bar an action for a second assault and battery by the same person on the same party." It will, of course, be understood that the reasoning is not applicable to different defamatory statements in one publication. (*Macdougall* v. *Knight* L. R. [25 Q. B. Div.] 1.)

In *Frazier* v. *McCloskey* (60 N. Y. 337); *Distin* v. *Rose* (69 N. Y. 122); *Daly* v. *Byrne* (77 N. Y. 182); *Enos* v. *Enos* (135 N. Y. 609) we were considering the vexing, variously answered and perhaps unsettled questions (See 1 Wigmore on Evidence, §§ 403–406; 5 id. § 406) as to the admissibility, under the facts of those cases, of repetitions of libels or slanders, as bearing upon the degree of malice which actuated the defendants in those cases. Inasmuch as neither the present record, nor the briefs or arguments of counsel present those questions for decision, we do not discuss them.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CUDDEBACK, CARDOZO and SEABURY, JJ., concur; HOGAN, J., concurs in result; WILLARD BARTLETT, Ch. J., absent.

Judgment reversed, etc.