HENRY WOODHOUSE, Respondent, *v.* NEW YORK EVENING POST, INC., and Others, Appellants.

First Department, April 21, 1922.

**Libel — complaint in libel action alleging six publications states six causes of action which must be separately stated and numbered — every libelous publication constitutes separate cause of action.**

A complaint which alleges the publication of false and defamatory matter concerning the plaintiff on six different occasions states six causes of action, although the allegations as to falsity are more extended and elaborate as to the first publication than as to the others and only one demand for damages is made, and they must, therefore, be separately stated and numbered.

Every distinct publication of libelous matter gives rise to a separate cause of action.

APPEAL by the defendants, New York Evening Post, Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of February, 1922, denying defendants' motion to compel plaintiff to severally state and number the causes of action set forth in the amended complaint so that each publication therein mentioned shall constitute a separate cause of action.

*White & Case* [*David Paine* of counsel], for the appellants.

*Nugent & Nugent* [*Daniel F. Nugent* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $1,000,000 damages claimed to have been sustained by reason of the composing, printing and publishing of certain libelous matter by the defendant corporation in a newspaper published by it in the city of New York, such publication being alleged to have been made at the direct and special instance, request and direction of the individual defendants.

The question involved in this appeal is whether more than one cause of action is set forth in the complaint herein. Six different publications in the *Evening Post* of matter affecting plaintiff are alleged, bearing date June 2, June 7, June 10, June 12, July 24 and August 5, 1920. While the allegations as to the falsity of the charges contained in the first publication are more extended and elaborate, each publication thereafter is specifically charged to have been false as to the defamatory matter therein contained. Thus, as to the publication of June seventh, it is charged that the article was published " for the express purpose of further injuring plaintiff and his good name and reputation," that the

article concerning plaintiff was false and defamatory, and that " the defamatory statements and facts contained in this said publication and article were and are wholly false." As to the publication of June tenth, it is charged that defendants composed and published of and concerning this plaintiff the false, defamatory matter therein set forth, and that the defamatory statements and facts therein contained were and are wholly false. As to the publication of June twelfth, it is charged that these defendants " in furtherance of their said attacks upon plaintiff and for the purpose of injuring his good name and reputation," published certain matter, and " that the defamatory statements and facts contained in said publication and article were and are wholly false." As to the publication of July twenty-fourth, it is alleged that defendants " in furtherance of their said attacks upon plaintiff " published certain false and defamatory matter concerning him, which was wholly false. As to the publication of August fifth, it is charged that defendants maliciously published certain defamatory matter which is charged to be wholly false and untrue.

In the paragraph of the complaint numbered XVII it is alleged " that these defendants, among other things, sought maliciously to cut down and destroy, by the composition and publication of the aforesaid libelous articles, the income and revenue received by plaintiff from the aforesaid sources," and that defendants succeeded therein to his loss in the sum of $250,000.

In paragraph XVIII it is alleged that " thereupon and at the instigation of the defendant, Thomas W. Lamont, these defendants maliciously composed the aforesaid libelous articles and published the same for the express purpose of causing plaintiff's financial ruin " and for other unlawful purposes therein described.

In paragraph XIX it is alleged:

" XIX. Plaintiff further alleges that to better enable these defendants to accomplish their said purposes, these defendants in and by the composing and publishing of aforesaid libelous articles concerning plaintiff, as herein set forth, with actual malice afore-thought, sought and intended to cause plaintiff to suffer large financial losses, and destroy all his sources of income and thereby cripple plaintiff and prevent his devoting the necessary time and attention to aiding the People of these United States and the Attorney-General of the United States in uncovering the groups and interests guilty of grafting and obtaining large and unconscionable profits and overpayments from the United States Government and its various Departments, all as herein set forth, and that these defendants solely by reason of their said schemes and the publication of said grossly false and defamatory and malicious

articles, did thereby directly cause plaintiff great financial losses and destroyed his said sources of income derived from the publication of said magazines and the sale of his said books and numerous articles, as herein set forth, and caused plaintiff to sustain further damage and great injury to his business, occupation and destroyed his means of earning a livelihood, blackened his character and reputation; all to his great damage in the sum of One Million ($1,000,000) Dollars.

" *Wherefore,* plaintiff demands judgment against these defendants for One Million ($1,000,000) Dollars, together with the costs of this action."

It is clear from an examination of this complaint that it is based on all the six publications therein set forth, each of which is specifically set forth as being published concerning plaintiff, and as being false, while the damage is stated to have been caused by all the publications. Respondent's contention is untenable, that the only libel sued on is that of June second, the subsequent publications not being libelous and being material only on the questions of express malice and punitive damages. The complaint is not capable of such a construction.

It is well settled that every distinct publication of libelous matter gives rise to a separate cause of action. (25 Cyc. 436; *Cerro de Pasco Co.* v. *Haggin,* 106 App. Div. 401; *Fisher* v. *New Yorker Staats-Zeitung,* 114 id. 824; *Burkan* v. *Musical Courier Company,* 141 id. 202.) In the case last cited Mr. Justice McLAUGHLIN said (at p. 202): " If the three publications referred to are libelous, then each of them is actionable and should be set forth as separate causes of action. They are not necessary, material or proper allegations as to the cause of action predicated on the publication of August fourteenth, and the fact of such publications, if libelous, could not be proved on the trial. * * * The sixth cause of action is based upon a publication of August 27, 1909, and reference is therein made to two other alleged libelous publications. What has been said as to the first cause of action with reference to alleged libelous publications other than the one upon which the cause of action is predicated, applies equally to the second and sixth causes of action. That the allegations with reference to the alleged libelous publications other than the one sued on should have been striken out, or else plaintiff compelled to set them forth as separate causes of action, is sustained by the weight of authority in the State of New York, no matter what the rule may be in other jurisdictions."

And further (at p. 204): " In this complaint the plaintiff declares upon one libel and then sets out or refers to other alleged libelous

articles upon each of which if separately declared upon a recovery might be had, and to hold that they can be set forth in one cause of action would be in effect permitting a double recovery to be had."

As was said in *Cook* v. *Conners* (215 N. Y. 175, at p. 179): "The defendant communicated to others than the plaintiff the alleged libel on two independent occasions by means of two separate writings or newspapers. Persons would read or acquire knowledge of it from or through either paper who would not do so through the other. Each communication was a distinct publication which constituted, if the matter was libelous, a complete libel and a cause of action in favor of plaintiff."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.