## HERTZBERG v. WURZBACH. (No. 7273.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1924.)

**Libel and slander ⬤⟲75—Suit based on publication of certain libelous matter held not to limit venue of another suit based on fresh publication of same matter.**

Suit brought in one county based on publication of certain libelous matter, by reading it to audience and publishing same in newspaper, *held*, after its dismissal not to confine venue of another suit for publication of same matter through medium of circular distributed in various counties, to county where first suit was brought.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Action by Harry M. Wurzbach against Harry Hertzberg. From an order overruling his plea of privilege, defendant appeals. Affirmed.

---

Arnold & Cozby and Hertzberg, Kerche-ville & Thomson, all of San Antonio, for appellant.

Alvin P. Mueller and Wurzbach, Wirtz & Weinert, all of Seguin, and Taliaferro, Cunningham & Moursund, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages based on a libelous publication instituted by appellee against appellant. Appellant filed a plea of privilege to be sued in Bexar county, where he resided. The plea was overruled, and this appeal is prosecuted from that order.

It was alleged in the petition that on or about November 2, 1922, appellant made, published, and spread abroad in Karnes, Aransas, Bexar, Nueces, and San Patricio counties, a certain "dodger" or circular, which consisted of a purported letter from appellee to Willie Blount, a negro woman, residing at 1364 V street N. W., Washington, D. C.; the letter appearing on one side of the circular with the headlines: "Read This and See What You Think about Wurzbach. You have Read His Negro Speech, and You Know he Voted for the Dyer Bill." On the other side there appeared, so it is alleged, a photograph of a negro woman with the name underneath, "Willie H. Blount (Colored)," and beneath the photograph two statements purporting to have been made by the negro woman and sworn to before a notary public of Harris county. It was alleged that appellant and appellee were opponents for election to the House of Representatives of the Congress of the United States, and that the circular was sent out to influence the voters of the Fourteenth congressional district of Texas against appellee. It was alleged that appellee never wrote the letter, but that it was a forgery. It is unnecessary on this appeal to go further into the allegations. In the plea of privilege it is alleged that prior to filing this action in Guadalupe county appellant had instituted a suit based on the publication of the letter herein described in Bexar county, Tex., and a copy of the petition was attached as an exhibit. It is shown by that exhibit and statement of facts that appellee had instituted a suit against appellant and the San Antonio Light Publishing Company, in Bexar county, in December, 1922, alleging a libel by the defendants in reading the letter addressed to the negro woman to an audience in San Antonio, and publication in the newspaper on November 2, 1922, of the letter, with an account of the reading to the audience. The present suit was filed on October 31, 1923, in Guadalupe county, the residence of appellee. In a controverting affidavit it was alleged that no suit had been theretofore brought on the libel alleged in the present suit, and that the former suit in Bexar county had been dismissed by appellee.

Prior to the enactment by the Thirty-Sixth Legislature in 1919 (Vernon's Ann. Civ. St. Supp. 1922, art. 5598b) of a statute fixing venue in libel and slander suits, the venue for damages arising from either of those subjects was properly laid in any county in the state in which the slander was spoken or the libel published. In the law in question it was enacted:

"That action for damages for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff in any such action resided at the time of the accrual of the cause of action, or in the county where the plaintiff resided at the time of filing suit, or in the county of the residence of the defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff."

While we are of the opinion that, under the terms of that law, suit could have been filed on the same libel in Bexar or Guadalupe county, and after suing in one the suit could be dismissed in that one and suit instituted on the same publication in the other, yet, in this case that question does not arise, because the cause of action in the Bexar county case, which was dismissed, was essentially different from the one now being considered.

In this suit the publication was made by the delivery of the "dodger" in the counties named in the petition, in the other the libel consisted in reading the letter to an audience in San Antonio and publishing the same in a newspaper. The delivery of the circular containing the alleged libel was essentially a different one from that described in the petition filed in the dismissed suit. The publication through the medium of the circular was a fresh publication. This would have been true had the material constituting the libel been identically the same in both publications, but it was not under the allegations, for the last was accompanied by the photograph of the negro woman, and certain headlines. The case of Cook v. Conners, 215 N. Y. 175, 109 N. E. 78, L. R. A. 1916A, 1074, Ann. Cas. 1917A, 248. clearly enunciates the law on this subject, and we unhesitatingly adopt it as an expression of the law applicable to the facts of this case. The libel in that case was published in afternoon and morning papers owned by the same defendant, and the plaintiff brought two suits, one against each paper on the publication of matter, the same in substance and effect, though not in identical language. The trial court held that a judgment in one of the suits was a bar to a judgment in the other, and was sustained in this ruling by an intermediate appellate court. The Court of Appeals of New York, the court of last resort in that state, held, however:

"Each communication was a distinct publication which constituted, if the matter was libelous, a complete libel and a cause of action in favor of plaintiff."

The New York Court adopts the following language on the subject from Underwood v.

Smith, 93 Tenn. 687, 27 S. W. 1008, 42 Am. St. Rep. 946:

"Every separate and distinct publication of a libel is a distinct offense, for which a separate action will lie, and a recovery of damages for the first publication of the libel is no bar to an action based upon its repetition or republication."

The judgment is affirmed.