JAMES J. McINERNEY, Plaintiff, *v.* NEW YORK WORLD-TELEGRAM CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, March 19, 1937.

*Lloyd Paul Stryker*, for the plaintiff.

*DeWitt, Van Aken & Nast*, for the defendant.

BYRNE, J.  The plaintiff, a justice of the Court of Special Sessions of the City of New York, has instituted this action for libel on the ground that the defendant published in its newspaper on June 26, 1936, certain alleged libelous matter of and concerning him. In brief, the complaint states that one John J. Sullivan, who was charged with a violation of certain rules and regulations of the department of public markets and weights and measures, was

thereafter convicted by the Court of Special Sessions over which plaintiff presided. Subsequently, a motion on behalf of Sullivan for arrest of judgment was granted by that court. It is significant to note, as alleged, that this determination by the court was unanimously affirmed by the Appellate Division on May 13, 1935. (See *People* v. *Sullivan*, 244 App. Div. 469.) It is charged that, notwithstanding the fact that defendant fully knew of this affirmance, and in spite thereof, it subsequently published the article of June 26, 1936. A copy of that article, referred to as Exhibit A, has been annexed to the complaint. By way of innuendo plaintiff charges that by such article defendant " intended to charge and did charge, and intended to and did convey to those who read said articles [referring to Exhibit A and certain other publications by defendant which will be hereinafter considered] that the plaintiff in voting to grant the motion made on behalf of said Sullivan to arrest judgment as aforesaid improperly did so as a political favor to Sullivan's alleged 'political backing,' that he did so because Sullivan was a ' member ' of a Democratic club and that the plaintiff in doing so had submitted to political and other kinds of pressure, and that said article was so understood by the readers thereof."

Paragraph 16 of the complaint recites: " Upon information and belief the defendant in composing and publishing said editorial, Exhibit A, wilfully and recklessly suppressed and withheld from said article and the readers thereof, the fact that the plaintiff's action in voting to arrest judgment as aforesaid, had been unanimously affirmed by the Appellate Division of the Second Department, to which an appeal had been taken, as previously set forth."

Plaintiff also draws attention to the fact that Exhibit A, above referred to, was but one of a series of editorials published by the defendant of and concerning the action of plaintiff and the other justices of the Court of Special Sessions in arresting the judgment following Sullivan's conviction. Copies of the other articles, which were published on May 2, 1935, and December 18, 1934, referred generally to the Sullivan case, and contained editorial comment on statements made by Mayor LaGuardia that he would appoint or reappoint only magistrates who could be counted on to support the police in bringing crooks and criminals to justice and who would not " submit to political or other kinds of pressure."

These latter articles are annexed to the complaint as Exhibits B and C. It is because of the fact that these two exhibits have been thus included in the complaint that defendant addresses its present motion for alternative relief. The initial question presented is whether only one cause of action has been stated or whether, as

urged herein by defendant, each one of the three editorials forms the basis for an independent cause of action, thus requiring that plaintiff separately state and number the same.

I think the opinion of the court in *DeGroot* v. *Brooklyn Daily Times* (232 App. Div. 683 [Second Dept.]) is determinative of the question. Therein the court writes: " The complaint in its present form alleges but one cause of action, founded upon the publication marked Exhibit ' C.' It is not now claimed by the plaintiff that the first two publications, Exhibits ' A ' and ' B,' were false or libelous. They are incorporated in the complaint on the theory that they explain certain phrases in Exhibit ' C,' the full meaning of which will not be conveyed without reference to Exhibits ' A ' and ' B.' (*Fisher* v. *New Yorker Staats-Zeitung*, 114 App. Div. 824; *Cook* v. *Conners*, 215 N. Y. 175; *Woodhouse* v. *New York Evening Post, Inc.*, 201 App. Div. 9.) Heretofore, this court made an order directing the plaintiff to state and number separately his causes of action. (230 App. Div. 783.) In the original complaint the plaintiff alleged, in one count, that all three publications were false and libelous. In the pleading in its present form he has abandoned any claim for damages resulting from the publication of Exhibits ' A ' and ' B.' In our opinion, the amended complaint complies with our prior order in that the plaintiff is under no obligation to allege three causes of action if he sees fit to abandon two of them."

A situation comparable to that disclosed by the foregoing case is found herein, for repeatedly throughout the instant complaint plaintiff reveals that the gravamen of his action is predicated upon the publication solely of Exhibit A; and that Exhibits B and C have been included for the purpose of revealing the full significance and intendment to be placed upon the language and content of Exhibit A.

The motion to compel plaintiff to separately state and number is, therefore, denied.

Defendant seeks by way of alternative relief the striking out of paragraphs 10 and 11 of the complaint together with Exhibits B and C. The contention is made that those paragraphs, and Exhibits B and C to which they refer, are irrelevant, etc. I do not reach a conclusion to that effect, however, for the reason suggested in the *DeGroot* case that the full meaning of Exhibit A may not be conveyed unless reference be made to Exhibits B and C.

The newspapers are forceful agencies in the molding of public opinion. They may, of course, create a general impression in the public mind by the publication of successive related articles on a subject. One of such articles, although entirely innocent in itself,

may be found to be highly defamatory when read in conjunction with other articles through which the public has gained a certain basic impression respecting the integrity and character of an individual, and when that individual seeks redress for the publication of a particular article, which is alleged to be libelous, the jury should not be precluded from considering it in the light of the other articles which operated to mold public opinion on the subject. Suffice it to say that there are cases such as the present where extrinsic facts and circumstances are entirely relevant in proving the necessary part of an action for libel. (See *Van Heusen* v. *Argenteau*, 194 N. Y. 309, at p. 314.) The motion for the latter relief is likewise denied.