MILLARD E. THEODORE, Plaintiff, *v.* NEWS SYNDICATE CO., INC., Defendant.

Supreme Court, Special Term, New York County, October 19, 1938.

*Millard E. Theodore* [*Norman P. S. Schloss* of counsel], plaintiff in person.

*Townley, Updike & Carter* [*Stuart N. Updike* and *James W. Rodgers* of counsel], for the defendant.

PECORA, J. The action is for libel. It is based upon an editorial which appeared on the editorial page of the defendant's newspaper called the *Daily News*, in its issue of February 16, 1934, and which plaintiff alleges is defamatory.

The answer, while admitting the publication, denies the material allegations of the complaint. It also alleges, by way of affirmative defense, that the judgment recovered by plaintiff in a prior action for libel against the defendant is a bar to this action.

It is undisputed that the prior action was based upon another editorial article appearing upon the same page — and in the same issue — of defendant's newspaper. That editorial was entitled "Tammany Hides Behind the Skirts of the Teachers." The editorial which forms the basis of the present suit bears the caption "2 Per Cent Sales Tax on Everything," and appeared immediately under the former editorial.

Upon the trial of the prior action, plaintiff introduced in evidence the alleged libelous article which is the subject of this suit as some proof of malice. In that action plaintiff recovered a judgment for $25,000, which was subsequently affirmed by both the Appellate Division and the Court of Appeals, and has since been satisfied. Undoubtedly that proof of malice had some influence upon the amount of the verdict.

The set of facts involved herein does not seem to have had any precise parallel in any reported case in this country or in England, according to the research made by counsel for both parties and by the court.

Defendant's present motion rests essentially upon the contention that the two editorials must be considered as an entity for the purpose of basing a libel action thereon. This, in turn, is supported by the fact that they appeared in the same issue of the defendant's newspaper and upon the same page. In this contention its main reliance is upon the case of *MacDougall* v. *Knight* ([L. R.] 25 Q. B. Div. 1).

In that action the defendant published in pamphlet form a report of a judgment reflecting upon plaintiff's conduct. The plaintiff brought an action for damages based upon certain passages in the pamphlet which he claimed were libelous. He was unsuccessful therein. He thereupon instituted another action based upon certain other alleged defamatory passages in the same pamphlet. The defendant then invoked the principle of *res judicata* as a bar to the second action. This plea was upheld by the English Court of Appeals. The court said, in a concurring opinion by FRY, L. J. (p. 10):

" Both actions are for libel contained in a pamphlet, and, therefore, I conclude the cause of action is the same. In my opinion, it is impossible that two actions should be properly brought in respect of the same libel."

" The injustice of allowing a litigant to select one portion of a libel as the ground for one action, and another as the ground for a second action, and so on indefinitely, is obvious. The whole publication would be before the jury in each case, and it would be quite impossible for the jury in each case to separate the damages due to the particular part of the libel relied on in that case from the damages arising from other parts of the libel. I think, therefore, that a plea of *res judicata* would succeed, and that we are bound to stay the action."

The reasoning of that case, which is cited with approval in *Cook* v. *Conners* (215 N. Y. 175), is applicable to the case at bar. I hold that the publication of the two editorial articles here involved, in the same issue and upon the same page of defendant's news-

paper, constitutes a single and entire publication; and that any defamatory matter contained therein can give foundation to· but one cause of action (*Galligan* v. *Sun Printing & Pub. Assn.*, 25 Misc. 355; *Cook* v. *Conners, supra*).

As the plaintiff has already recovered a judgment against defendant in the prior action based upon one of those two editorials, it follows that such judgment bars this action, which is avowedly based upon the other editorial. The rule is soundly established that one may not split up an entire cause of action and bring separate actions, each for a part of his claim. In such an instance the recovery of one judgment will bar any action upon any other part of the claim. (*Silberstein* v. *Begun*, 232 N. Y. 319, and cases there cited.)

Defendant's motion for judgment on the pleadings is granted, and the complaint is dismissed. Settle order.