KEYSTONE OIL BURNER Co., INC., and Another, Plaintiffs, *v.* DUN & BRADSTREET, INC., and Others, Defendants.

Supreme Court, Special Term, Queens County, October 11, 1940.

*Lester D. Volk*, for the plaintiffs.

*Fertig, Walter & Gottesman* [*Alfred A. Walter* and *James L. Walter* of counsel], for the defendants Apex Oil Burner Corp. and P. Frankel Thau.

DALY, J. Motion by the defendants Apex Oil Burner Corp. and Thau to compel plaintiffs to serve a further amended complaint separately stating and numbering alleged causes of action, pursuant to rule 90 of the Rules of Civil Practice.

The gravamen of the second and third causes of action of the plaintiff Seal-O-Strain Corp. is libel based upon an alleged false financial report which the respective moving defendants are charged with having published at various times to each of thirteen individuals mentioned in paragraph fourteenth of the amended complaint.

It is the position of the moving defendants that the publication of the report to each of the individuals named constitutes a separate and distinct publication and gives rise to a separate cause of action for libel in respect to each of such publications.

Said plaintiff, on the other hand, contends that inasmuch as the same alleged defamatory report was published, there was but a *single* publication, although made to different persons at different times, and cites *Fried, Mendelsohn & Co.* v. *Halstead, Ltd.* (203 App. Div. 113), a First Department case. This holding, however, does not appear to be in accord with *Fisher* v. *New Yorker Staats-Zeitung* (114 App. Div. 824), where the Appellate Division, Second Department, said (p. 826): "That each publication of defamatory matter is a cause of action separate and complete in itself does not permit of doubt. In Pollock on Torts, it is said (p. 215): 'Every repetition of defamatory words is a new publication, and a distinct cause of action.'"

This decision was cited by the Court of Appeals in *Cook* v. *Conners* (215 N. Y. 175). In addition, the court said (p. 179): "The reasoning in *Underwood* v. *Smith* (93 Tenn. 687) is accurate and satisfactory. It is there said: 'Every separate and distinct publication of a libel is a distinct offense, for which a separate action will lie, and a recovery of damages for the first publication of the libel is no bar to an action based upon its repetition or republication.'"

These authorities have since been cited by the Appellate Division, First Department, in *Woodhouse* v. *New York Evening Post, Inc.* (201 App. Div. 9), and by the Second Department in *De Groot* v. *Brooklyn Daily Times* (232 id. 683). It is true that the Appellate Division, Fourth Department, cited the *Fried, Mendelsohn & Co.* case (*supra*) in *Wolfson* v. *Syracuse Newspapers, Inc.* (254 App. Div. 211, 212), decided in May, 1938, but there it was contended that a certain defamatory article appearing in a certain issue of a newspaper was republished so as to constitute actionable libel because the public was accorded the privilege of examining bound copies of prior issues including the one wherein the defamatory article appeared. In overruling this contention the court said (p. 212): "We cannot accept plaintiff's argument that by thus according to the public the privilege of examining bound copies of its prior issues, including that of December 16, 1935, the defendant republished the alleged libels which had appeared in the single edition of that date. * * * The number of separate publications of the alleged libels and the causes of action arising therefrom * * * were not gauged by the number of copies of the single edition in which the articles appeared and which defendant circulated by sale or otherwise." The court in that case adopted the reasoning of Ernest Seelman, Esq., in his work, "The Law of Libel and Slander in the State of New York" (p. 120, § 130) when he said: "Rather does defendant's conduct impress us as passive in charac-

ter, with nothing to indicate a conscious intent to induce the public or any individual to read the alleged libels. It was at most a gratuitous courtesy which, in the instance cited by the plaintiff, was extended only after a third party had made a request therefor."

In the case at bar, however, the moving defendants are charged with having procured from the defendant Dun & Bradstreet, Inc., a financial report concerning their competitor, the plaintiff Seal-O-Strain Corp., which they exhibited to prospective customers and purchasers of oil burners and equipment. Such conduct could hardly be considered as passive in character — rather did it show " a conscious intent to induce " the prospective customers to read the alleged libelous financial report and, therefore, each time it was thus read by the individuals mentioned in the complaint, there was a distinct new publication giving rise to a distinct cause of action requiring a separate statement and numbering of causes of action.

The first and second causes of action of the plaintiff Keystone Oil Burner Co., Inc., charge the moving defendants with having slandered said plaintiff. The slanderous statements are different; they were uttered to different persons at different times and places. Nevertheless as to each defendant but one cause of action has been alleged. It is clear that even under the *Fried, Mendelsohn & Co.* case (*supra*), cited by the plaintiffs, there are separate and distinct causes of action alleged. The court approved its prior decision in *Woodhouse* v. *New York Evening Post, Inc.* (*supra*) because the separate defamations there arose from six separate publications on six separate days.

In *De Groot* v. *Brooklyn Daily Times* (230 App. Div. 783) the court made an order directing the plaintiff to state and number separately causes of action based upon publication on three different occasions of three different articles, each of which was alleged to be false and libelous and similarly the moving defendants here are entitled to have the separate slanders here involved stated and numbered separately. (See, also, *De Groot* v. *Brooklyn Daily Times*, 232 App. Div. 683.)

Accordingly, the motion is in all respects granted and the plaintiff directed to serve a further amended complaint in accordance with the above within twenty days of the service of the order to be entered hereon.

Settle order on notice.