PAUL J. KERN, Appellant, *v.* NEWS SYNDICATE Co. INC., Respondent.

First Department, October 7, 1958.

*Arthur P. McNulty* for appellant.

*James W. Rodgers* of counsel (*Andrew L. Hughes* with him on the brief; *Townley, Updike, Carter & Rodgers,* attorneys), for respondent.

VALENTE, J.  In this action for libel, plaintiff in his amended complaint undertook to set forth 21 separate causes of action based on the publication of an article in defendant's newspaper on February 26, 1957.  Two additional causes of action were predicated on another article which appeared on November 12, 1957.  Special Term dismissed the pleading on the ground that it was prolix, repetitious and redundant.  Leave to serve a further amended complaint was given except as to the causes of action numbered " Fourteenth " and " Twenty-Second " (which concern the Nov. 12, 1957 issue).

The amended complaint was properly dismissed.  However, Special Term was in error in suggesting that more than one cause of action could be alleged as to the February 26 publication, and in finding that no cause of action could be alleged as to the November 12 issue of defendant's newspaper.

Each separate publication of defamatory matter gives rise to only a single cause of action.  The person defamed may not make each distinct charge contained in the publication the subject of a separate cause of action.  That would constitute an impermissible splitting of a cause of action.  Thus, it has been held there can be only one cause of action for one publication of a libel.  (*Galligan* v. *Sun Print. & Pub. Assn.,* 25 Misc. 355; *Theodore* v. *News Syndicate Co.,* 169 Misc. 136; *Hartmann* v. *American Mercury,* 12 Misc 2d 1045.)  In other jurisdictions the same rule as to defamatory matter applies.  (*MacDougall* v. *Knight,* 25 Q. B. D. 1 — approved in *Cook* v. *Conners,* 215 N. Y. 175; *Elmore* v. *Atlantic Coast Line R. R. Co.,* 189 N. C. 658; *Rodefer* v. *Brooking,* 206 Mo. App. 538; *Thompson* v. *Harris,* 64 Kan. 124.  See, also, *Manko* v. *City of Buffalo,* 294 N. Y. 109, 111, where the court said: " By dividing the damage one cannot divide a single cause of action.")

Consequently, in any further pleading plaintiff may serve, only one cause of action may be alleged as to the article of February 26, no matter how many separate and distinct defamatory charges plaintiff may claim it contains.

In dismissing unconditionally the " Fourteenth " and " Twenty-Second " causes of action, Special Term found that the article of November 12 was too far removed in time from the first article to permit the inference, urged by plaintiff, that it repeats the charges made against plaintiff although his name is not mentioned.  Of course it is not essential, to ground an action for libel, that a person be specifically named in the publication.  The question always is whether a plaintiff can, establish that the article refers to him.  (See *Corr* v. *Sun Print. & Pub. Assn.,* 177 N. Y. 131, 135.  Cf. *Jackson* v. *Consumer Pub.,*

256 App. Div. 708.) Applying that test, the interval of time elapsing between the two articles, while pertinent would not be the controlling factor.

We cannot say as a matter of law that it would be impossible or improbable, because of a lapse of six months between two publications, for any reasonable reader to relate the later article to the former one so as to involve the plaintiff. After examining both articles, we find that whether plaintiff can establish that a reasonable reader, upon seeing the November 12 article, could conclude that the statements in the February 26 issue had been confirmed by investigative agencies of the City of New York, must be left for trial. Clearly a repetition of the charges made at a subsequent date gives rise to a separate cause of action.

Therefore, Special Term should have allowed further amendment of the complaint to permit the allegation of a cause of action based on the November 12 publication. But as we have already indicated herein regarding the February 26 issue, plaintiff can assert only one cause of action for the damages he claims to have suffered by virtue of the alleged libel in the November 12 issue of the newspaper.

The order should be modified on the law and in the exercise of discretion to the extent of permitting plaintiff to serve a further amended complaint which shall set forth one cause of action as to each of the two issues of the defendant's newspaper; and as so modified, should be affirmed, without costs.

BREITEL, J. P., FRANK, MCNALLY and STEVENS, JJ., concur.

Order unanimously modified on the law and in the exercise of discretion to the extent of permitting plaintiff to serve a further amended complaint which shall set forth one cause of action as to each of the two issues of the defendant's newspaper; and, as so modified, affirmed, without costs. The amended complaint is to be served 20 days after service upon the attorney for the plaintiff of a copy of the order, with notice of entry thereof.