■ ALAN HOFFMAN, Respondent, v LYNN LANDERS, Defendant, and JAMES DRUKER, Appellant.—In an action to recover damages for libel, the defendant James Druker appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated August 31, 1987, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellant's motion which was for summary judgment dismissing the first cause of action insofar as asserted against him and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On August 26, 1984, an article by reporter Lawrence Levy entitled "License Suspension In '78 Murder Case" appeared in the newspaper Newsday. The article was based in part on an interview with the appellant, James Druker, who was appellate counsel for one Robert Arner, who was convicted in Florida in 1980 of first degree murder in the death of his wife. The subject of the article was the license suspension of a private investigator arising out of services he performed with regard to the murder case for Alan Hoffman, the plaintiff herein and the brother of the deceased. Hoffman paid for the investigation services from funds belonging to a partnership that was partly owned by the estate of the deceased. The article contained two statements concerning the substantial sums paid to the private investigator by Hoffman. The first statement, which forms the basis of the first cause of action, consisted of reporter Levy's words, as follows: "Neither the state nor the judge rendered any opinion on what work Donnell did, or if it was worth $100,000. But Landers and Arner's appeal attorney James Druker believe[s] the money may have been used to pay witnesses to testify against Arner." The second statement, which forms the basis for the second and final cause of action, consisted of the appellant's own words, as follows: " 'At the very least it would seem an estate got milked here and at the very most the estate was paying for witnesses to come in and testify at a murder trial * * * Whether it was to be truthful or untruthful, I don't know.' "

In October 1984 the plaintiff commenced this defamation action against the appellant and Lynn Landers, a friend of Robert Arner who hired Druker on Arner's behalf. A prior motion by the appellant for summary judgment was denied by order of the Supreme Court, Nassau County (Burke, J.), dated April 3, 1985. A second motion for summary judgment, made by the appellant in April 1987 is the subject of this appeal. By order dated August 31, 1987, the Supreme Court, Nassau County (Balletta, J.), denied the motion essentially based on the fact that "[t]he determination made by Justice Burke is res judicata".

At the outset we note that while the Supreme Court was

compelled to deny the appellant's second motion for summary judgment by the rule of the law of the case *(Baron v Baron,* 128 AD2d 821; *Atlas Feather Corp. v Pine Top Ins. Co.,* 122 AD2d 241; *Freeze Right Refrig. & Air Conditioning Servs. v City of New York,* 101 AD2d 175), this court is not so constrained and is free to decide the motion on its merits *(Rock v Capitol Air,* 128 AD2d 691; *Tischler v Key One Corp.,* 67 AD2d 886).

The appellant's first contention is that the allegedly defamatory statements were constitutionally protected expressions of opinion which may not give rise to a private damage action.

"Opinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth" *(Rinaldi v Holt, Rinehart, & Winston,* 42 NY2d 369, 380, *cert denied* 434 US 969). An exception to this rule is an accusation of criminal activity which, even in the form of opinion, is not constitutionally protected *(Rinaldi v Holt, Rinehart, & Winston, supra).* The question of whether a given statement is an expression of opinion is one of law for the court and one which must be determined on the basis of what the average person hearing or reading the communication would take it to mean *(Steinhilber v Alphonse,* 68 NY2d 283, 290). Whether a particular accusation of criminal activity is defamatory is also a question of law. However, if the accusation is susceptible of more than one meaning the question is for the jury *(Arrigoni v Velella,* 110 AD2d 601).

Viewed in the context of the entire article at issue in this case, we believe a reasonable basis exists for the conclusion that the average reader would likely understand the allegedly libelous statements to imply that the plaintiff may have suborned perjury or paid witnesses to testify against a defendant in a criminal trial. Accordingly, the question of whether the statements are constitutionally protected opinions cannot be summarily determined.

Next, the appellant argues that the plaintiff's claims must fall because the alleged libelous matter did not appear to be of and concerning the plaintiff. This argument is patently without merit, since Hoffman is named in the article as the individual who expended partnership funds to pay the private investigator.

The appellant further contends that the proof submitted in support of the motion establishes the truth of the allegedly defamatory statements, affording him a complete defense to

the action. However, an examination of the record reveals that there is a factual question as to whether the statements were true. Consequently, summary judgment cannot be predicated on the defense of truth.

The appellant also argues that the statements are protected by a qualified privilege which the plaintiff has not overcome with proof of express malice or actual ill will. " ' "A communication made *bona fide* upon any subject matter in which the party communicating has an *interest,* or in reference to which he has a *duty,* is privileged if made to a person having a corresponding *interest* or *duty,* although it contained [in]criminating matter which, without this privilege, would be slanderous and actionable" ' " *(Shapiro v Health Ins. Plan,* 7 NY2d 56, 60, quoting from *Byam v Collins,* 111 NY 143, 150). In this regard, the appellant offered no facts which demonstrated a common interest or duty between himself and Newsday reporter Levy *(cf., Handlin v Burkhart,* 101 AD2d 850). Accordingly, his defense of qualified privilege cannot afford him summary relief on that ground.

Upon our review of the words attributed to the appellant which formed the basis for the second cause of action, we conclude that there are triable issues which preclude the granting of the appellant's motion for summary judgment.

The appellant's final contention is directed solely to the first cause of action. He maintains that he cannot be held liable in defamation for words which are not his own. One who makes a defamatory statement is not responsible for its recommunication without his authority or request by another over whom he has no control *(Schoepflin v Coffey,* 162 NY 12). The statement upon which the first cause of action is predicated was generated by Newsday reporter Lawrence Levy and not by the appellant. Indeed, the appellant had no control over the published words of reporter Levy.

Moreover, there can be only one cause of action for one publication of a libel no matter how many separate and distinct defamatory charges the plaintiff may claim it contains *(Kern v News. Syndicate Co.,* 6 AD2d 404). Thus, the August 26, 1984 publication of the article in Newsday gives rise to only one cause of action even though it contains two statements which the plaintiff alleged were defamatory. Consequently, the appellant is entitled to summary judgment dismissing the first cause of action. Bracken, J. P., Rubin, Sullivan and Spatt, JJ., concur.